Raymond J. Dowd (RD7508)
Luke McGrath (LM8070)
Dunnington, Bartholow & Miller, LLP
1359 Broadway, Suite 600
New York, New York 10018
Phone:  (212) 682-8811
Facsimile:  (212) 661-7769
lmcgrath@dunnington.com
*Attorneys for Intervenor Stan Lee Media Inc.*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

**STAN LEE,**

                *Plaintiff,*

        - against -

**MARVEL ENTERPRISES, INC. and MARVEL
CHARACTERS, INC.,**

               *Defendants.*

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**02 CV 8945 (RWS)
ECF Case**

---

## MEMORANDUM OF LAW IN SUPPORT
## OF MOTION TO INTERVENE AND UNSEAL RECORDS

Dated:       New York, New York
             July 14, 2010

**TABLE OF CONTENTS**

PAGE

TABLE OF AUTHORITIES................................................................*ii*

I.   PRELIMINARY STATEMENT............................................................ 1

II.  RELEVANT FACTUAL AND PROCEDURAL HISTORY.......................... 2

      A.   Lee Founds SLMI and Transfers All of His
            Property Rights to That Company ................................. 2

      B.   Lee v. Marvel:  In 2002, Lee Sues Marvel In This 2002 Action
            Over The November 1998 Assignment ........................... 4

      C.   SLMI Shareholders Attempt Suits On Behalf
            of the Company Against Marvel and Lee *et
            al*............................................................................. 5

      D.   SLMI's Minority Shareholders Successfully Wrest
            Control of SLMI from the Stan Lee Shareholder Group
            That Previously Dominated SLMI To Further Their
            Personal Interests To SLMI's Detriment.......................... 6

III. STANDARD FOR A MOTION TO UNSEAL JUDICIAL
    DOCUMENTS........................................................................... 7

      A.   Legal Authority Supporting the Unsealing of Sealed
            Court Records At The Request of Any Member of the
            Public..................................................................... 7

      B.   Legal Authority Supporting Intervention ........................ 8

IV.  SUMMARY OF ARGUMENTS....................................................... 9

V.   DISCUSSION AND ARGUMENTS.................................................. 9

      A.   This Court Should Unseal the Documents Because
            There Are No Compelling Reasons To Keep Them
            Secret...................................................................... 9

      B.   This Court Should Grant SLMI's Motion to Intervene Because
            SLMI Has An Interest in the Disclosure of the Documents That
            Has Not Been Adequately Protected By Either Lee or Marvel.   11

VI.  CONCLUSION                                                                14

i

TABLE OF AUTHORITIES

## I. CASES CITED AS AUTHORITY

*ALS Scan, Inc. v. RemarQ Communities, Inc.,* 239 F.3d 619 (4th Cir. 2001)............   13

*Andy Stroud Inc. v. Brown*, 2009 WL 539863 (S.D.N.Y. 2009) ..........................   13

*Hulex Music v. Santy*, 698 F.Supp. 1024, 1029 (D.N.H. 1988) ........................   12

*In the Matter of Eastman Kodak Company's Application*, 2010 WL 2490982
(S.D.N.Y. June 15, 2010)................................................................................…..   8

*In re Terrorist Attacks on September 11, 2001*, 454 F. Supp. 2d 220
(S.D.N.Y. 2006)…....……………………….…………….…………………………   7

*Joy v. North*, 692 F.2d 880 (2d Cir. 1982)…………..………….........................   7, 9

*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110
(2d Cir. 2006)...…………...................................................................................   7, 9, 11

*Marvel Characters, Inc. v. Simon,* 310 F.3d 280
(2d Cir. 2002)…………………………………………………………..…...……..   2

*Marvel Worldwide, Inc. v. Kirby*, 2010 WL 1655253
(S.D.N.Y. April 14, 2010)…………………………………………………………..   2

*Oneida Indian Nation of New York v. Madison County, Oneida County, N.Y.*, 605
F.3d 149, 162 (2d Cir. 2010)……………………………………………………..   12

## II.   OTHER AUTHORITY

Rule 24, Federal Rules of Civil Procedure…….……………........................   1, 8

17 U.S.C. § 106…….…………………………………………….……………..   12

17 U.S.C. § 501(b).…….…………………………………….…………………..   12

Pursuant to Rule 24 of the Federal Rules of Civil Procedure and based upon the accompanying Notice of Motion, Affirmation of Luke A. McGrath and Declaration of Jose M. Abadin submitted herewith, Intervenor Stan Lee Media, Inc. ("SLMI" or "Company") respectfully seeks to intervene in this matter for the limited purpose of moving to unseal papers and supporting exhibits for motions for summary judgment filed in this action by Stan Lee ("Stan Lee" or "Lee") and Marvel Enterprises Inc. ("Marvel") on or after February 13, 2004 (the "Sealed Documents").

## I.

## PRELIMINARY STATEMENT

Intervenor, SLMI, seeks access to documents upon which the Court relied in deciding cross-motions for summary judgment in this action ("*Lee v. Marvel*") in connection with SLMI's investigation of allegations of SLMI's shareholders that Stan Lee assigned all of his valuable intellectual property rights to SLMI before he purported to make assign the same rights to Marvel.  In this action, commenced in November 2002, Stan Lee, sued Marvel claiming breach of an agreement executed in November 1998 pursuant to which Lee was to participate in profits generated from the exploitation of the intellectual property rights in Lee's creations, including rights to such characters as Spider-Man, the Incredible Hulk, X-Men and Fantastic Four (the "November 1998 Assignment").[1]

On January 17, 2005, this Court, by the Honorable Robert W. Sweet, granted partial summary judgment to Stan Lee finding that, pursuant to the terms of the November 1998 Assignment, Lee was entitled to 10% of the profits from the Spiderman film (the "January 17,

---

[1]     *See* Affirmation of Luke A. McGrath ("McGrath Aff."), Ex. A, Complaint, *Lee v. Marvel*, Case No. 02-CV-8945 (RWS) ("Ex. A, *Lee v. Marvel* Complaint").

2005 Order").[2]  Judge Sweet based the Court's grant of summary judgment on the Sealed

Documents:  cross-motions filed by Lee and Marvel and – expressly – upon Stan Lee's Rule 56.1

Statement.  SLMI seeks access to these Sealed Documents to determine, among other related

questions, whether Lee asserted in the Sealed Documents that he owned the intellectual property

rights to his creations notwithstanding his assignment of all of his intellectual property rights to

SLMI in October 1998 (the "October 1998 Assignment").

## II.

## RELEVANT FACTUAL AND PROCEDURAL HISTORY

### A.    Lee Founds SLMI and Transfers All of His Property Rights to That Company.

In October 1998, Lee founded SLMI (then called Stan Lee Enterprises) after Marvel

entered bankruptcy and repudiated its executory arrangements with Lee and others.[3]  On the

basis that Lee would contribute his intellectual property and assist SLMI in exploiting Lee's

creations, SLMI put Lee and his team in control of management of SLMI, and went public.[4]  At

one point in 2000, SLMI had a market cap on the NASDAQ exchange in excess of $300

million.[5]  SLMI disclosed the October 1998 Assignment in a public filing with the SEC in March

---

[2]        *See* McGrath Aff., Ex. B, Order, Case No. 02-CV-8945, dated January 17, 2005
("Ex. B, January 17, 2005 Order").

[3]        Marvel's disputes over authorship of its comic book heroes have occupied the
courts for some time.  *See Marvel Characters, Inc. v. Simon,* 310 F.3d 280 (2d Cir.
2002)(authorship of *Captain America* presented a triable issue of fact despite settlement stating
work for hire); *Marvel Worldwide, Inc. v. Kirby*, 2010 WL 1655253 (S.D.N.Y. April 14,
2010)(CM)(dispute over whether Jack Kirby's contributions to Fantastic Four, the Incredible
Hulk and X-Men are works for hire).

[4]        *See* Declaration of Jose M. Abadin, paras. 6-7, 9-10  ("Abadin Decl."); *see*
Abadin Decl., para. 7.

[5]        *See* Abadin Decl., para. 8.

2000, which filing Stan Lee signed as Chairman of the Company.[6]  SLMI shareholders have asserted that they based their investments in SLMI in large part upon the expectation that SLMI would exploit Lee's intellectual property rights, assigned to the Company pursuant to the October 1998 Assignment, and that SLMI would receive any revenues flowing therefrom.[7]  The October 1998 Assignment was eventually recorded with the U.S. Copyright Office for such characters as Spiderman, The Incredible Hulk, X-Men, Fantastic Four, Iron Man, Daredevil, Silver Surfer, Dr. Strange and for Stan Lee Presents.[8]

In February 2001, the Company's former management put SLMI into Chapter 11.[9]  SLMI did not emerge from bankruptcy as a reorganized entity.  Previous to filing for bankruptcy, SLMI, under Lee's management, had failed to file required SEC filings after September 2000, and, as a result, the SEC revoked SLMI's registration on September 13, 2004.[10]  Furthermore, the State of Colorado administratively dissolved the Corporation in August 2002.[11]  Finally, after SLMI's bankruptcy case languished for years, on November 17, 2006, the Bankruptcy Court

---

[6]     *See* McGrath Aff., Ex. C, Excerpts from SLMI Form 10KSB, March 2000 (last accessed June 18, 2010).

[7]     *See* Abadin Decl., para. 9-10.

[8]     *See* McGrath Aff., Ex. D, Document Cover Sheet, U.S. Copyright Office Recordation Vol. 3544, Document 426 (Nov. 29, 2006); *see* Abadin Decl., para. 8.

[9]     *See In re Stan Lee Media, Inc.*, Case No. SV 01-11329 KT, jointly administered with Case No. SV-01-11331-KL, (C.D. Cal. 2001)(the SLMI Bankruptcy Case).

[10]    *See* McGrath Aff., Ex. E, SEC Order Initiating Proceeding,  Admin. Proc. File No. 3-11584 (August 11, 2004);  McGrath Aff., Ex. F, SEC Order Making Findings and Imposing Remedial Sanction By Default, Admin. Proc. File No. 3-11584 (September 14, 2004).

[11]    *See* McGrath Aff., Ex. G, Colorado Secretary of State, History and Documents for Stan Lee Media, Inc. (indicating that Colorado changed SLMI's status to dissolved in March 2002 and the Company was administratively dissolved on August 1, 2002).

dismissed the case (which order and judgment the Bankruptcy Court entered on December 6, 2006).[12]

### B.   *Lee v. Marvel*:  In 2002, Lee Sues Marvel In This 2002 Action Over The November 1998 Assignment

In November 2002, approximately 20 months after the time SLMI first entered

bankruptcy, Lee commenced *Lee v. Marvel* seeking to enforce Lee's rights under the November

1998 Assignment.  In the Complaint, Lee alleged:

¶13.   The Agreement at issue in this case [the November 1998 Assignment] was entered into among Mr. Lee, Company and Marvel as of November 1, 1998 …

¶14.   Under [the November 1998 Assignment] the Defendants were given the right and assumed the obligation to commercially exploit Mr. Lee's characters, as well as his name. In order to facilitate these rights and obligations, Defendants received a conditional assignment of Mr. Lee's rights in his many world famous and hugely popular characters, and Mr. Lee was entitled to share in the profits from any live action or animation television or movie production based on these characters and other Marvel characters, as well as profits from the exploitation of any ancillary rights associated with such film or television productions, including toys.[13]

On February 13, 2004, Marvel moved for partial summary judgment and filed a Rule

56.1 Statement of undisputed facts.[14]  An inspection of the Docket Sheet and conversations with

the Office of the Clerk of the Southern District of New York both indicate that the summary

judgment papers, the Sealed Documents at issue on this motion, were filed under seal.[15]

---

[12]   *See* McGrath Aff., Ex. H, Order and Entry of Judgment in Bankruptcy Case, Case No. 01-SV-11329KL, (entered December 6, 2006).

[13]   *See* Ex. A, *Lee v. Marvel* Complaint at paras.  13-14.

[14]   *See* McGrath Aff., Ex. I, Docket Sheet, Case No. 02-CV-8945, Stan Lee v. Marvel Enterprises, Inc. and Marvel Characters, Inc. ("Ex. I, Docket Sheet").

[15]   *See* Ex. I, Docket Sheet, Docket Entries 18; 19 (omitting entry for Lee's cross-motion and opposition or for Marvel's reply but, instead, indicating that both Lee and Marvel were granted permission to file oversized briefs).

In the January 17, 2005 Order, this Court granted in part and denied in part Lee's motion

for partial summary judgment and granted a limited portion of Marvel's summary judgment

motion.[16]  Shortly thereafter, Lee and Marvel settled their differences in a confidential

settlement.  On April 22, 2005, the Court so ordered a Stipulation and Order of Dismissal.[17]

## C.   SLMI Shareholders Attempt Suits On Behalf of the Company Against Marvel and Lee *et al.*

Starting in 2007, after dismissal of the SLMI bankruptcy, but before SLMI was able to

elect a new Board, minority shareholders of SLMI brought lawsuits on behalf of Company

seeking to enforce SLMI's rights of ownership to Lee's creations based on the October 1998

Assignment and other claims against Stan Lee and others (the "Shareholder Claims").[18]  SLMI

shareholders filed a derivative action in July 2007 in the United States District Court for the

Central District of California, Docket No. 07-CV-4438 ("the California Action").[19]  SLMI

---

[16]     *See* Ex. B, January 17, 2005 Order.

[17]     *See* Ex. I, Docket Sheet, Docket Entry 30, entered April 27, 2005.

[18]     *Stan Lee Media, Inc. v. Stan Lee et al.*, Case No. 07-CV-4438 (SVW) (C.D. Cal. 2007) jointly administered with *QED Productions et al. v. James Nesfield, et al.*, Case No. 07-CV-225 (SVW) (C.D. Cal. 2007); *Jose Abadin, et al. v. Stan Lee*, Case No. 09-CV-2340 (C.D. Cal. 2009) (SVW); *Stan Lee Media, Inc. v. Marvel Entertainment, Inc., et al.*, Case No. 07-CV-2238 (PAC) (S.D.N.Y 2007) (dismissed without prejudice); *Jose Abadin, et al. v. Marvel Entertainment, Inc., et al.*, Case No. 09-CV-0715 (PAC) (S.D.N.Y. 2009) (dismissed, appeal pending)(the "S.D.N.Y. Action").

[19]     Case No. 07-CV-4438.  Previous to that action, Lee and Companies under Lee's control, brought a previous related action in July 2007 in California, *QED Productions, et. al v. James Nesfield, et. al*, Case No. 07-CV-223.  SLMI's shareholders also brought a second shareholder action filed in 2009.  *Jose Abadin, et al. v. Stan Lee*, Case No. 09-CV-2340.  The California Court, the Honorable Judge Steven W. Wilson presiding, has stayed these jointly administered actions until such time as a duly authorized representative of SLMI notifies the Court that SLMI is prepared to intervene in these matters and, in the case of Case No. 09-CV-2340, until there is a resolution of the motion to dismiss in the S.D.N.Y. Action that is currently pending appeal.  SLMI intends to intervene in all relevant matters as appropriate in the best interests of it shareholders in due course.

shareholders filed another derivative action in the Southern District of New York before the Hon.

Paul A. Crotty (the "S.D.N.Y. Action").[20]  The Shareholder Claims are, *inter alia*, that:

- Pursuant to the October 1998 Assignment, Lee divested himself of all ownership right to any and all of his creations by assigning those rights to SLMI;

- In November 1998, when Lee is purported to have assigned his rights to Marvel, Lee no longer possessed any rights to any of his creations;

- Lee and Marvel were aware of the previous assignment, but pursued a strategy by which Lee and Marvel continued to exploit Lee's creations without acknowledging the ownership rights assigned to SLMI;  and

- When Lee and Marvel litigated *Lee v. Marvel*, neither Lee nor Marvel informed Judge Sweet of the October 1998 Assignment or the fact that SLMI may have been an indispensable party to the case.[21]

On March 31, 2010, Judge Crotty dismissed the S.D.N.Y. Action, finding, *inter alia*, that

the plaintiff derivative shareholders lacked standing because they had purchased their shares in

1999, too late to challenge the November 1998 Assignment.[22]

**D.     SLMI's Minority Shareholders Successfully Wrest Control of SLMI from the Stan Lee Shareholder Group That Previously Dominated SLMI To Further Their Personal Interests To SLMI's Detriment.**

On May 27, 2010, the Colorado Court of Appeals decided that the Board elected at a

meeting of SLMI shareholders in December 2008 was the duly elected Board of Directors of

SLMI.[23]  On July 8, 2010, the SLMI Board held its first meeting and issued resolutions

---

[20]     *See* S.D.N.Y. Action (*Jose Abadin, et al. v. Marvel Entertainment, Inc., et al.*, Case No. 09-CV-0715).

[21]     *See* Abadin Decl. at para. 26-27.

[22]     *Abadin v. Marvel Entertainment, Inc.*, 2010 WL 1257519 (S.D.N.Y. 2010)(Crotty, J.).  Judge Crotty also determined the Shareholder Claims to be time-barred and that certain shareholders had delayed the proceedings before him.

[23]     *See* McGrath Aff., Ex. J, Order, *P.F.P. Family Holdings, L.P. v. Stan Lee Media, Inc.*, Case No. 09-CA-0899, Col. Crt. App., May 27, 2010 ("Ex. J, Colorado Order").

authorizing counsel for the Company to investigate the Shareholder Claims and to pursue valid

claims consistent with the best interests of the Company and its shareholders.[24]

As a first priority, SLMI is investigating whether a factual basis exists for the

Shareholder Claims, including the claim that neither Lee nor Marvel informed Judge Sweet in

the *Lee v. Marvel* matter of the October 1998 Assignment.  The Sealed Documents will reveal

whether Judge Sweet's January 17, 2005 Order was based upon an informed discussion of the

October 1998 Assignment.  Pursuant to authority from the freshly-empowered Board, SLMI has

expeditiously brought this motion to intervene for the limited purpose of unsealing the Sealed

Documents in connection with its investigation.

## III.

## STANDARD FOR A MOTION
## TO UNSEAL JUDICIAL DOCUMENTS

### A.   Legal Authority Supporting the Unsealing
### of Sealed Court Records At The Request of Any Member of the Public

The Second Circuit has long recognized the public's right to intervene in lawsuits to seek

access to "judicial documents," filed with the Court that are "relevant" to the performance of the

judicial function and "useful" in the judicial process.  *Lugosch v. Pyramid Co. of Onondaga*, 435

F.3d 110, 119 (2d Cir. 2006) (remanding with instructions for factual finding in case in which

newspaper intervened for the purpose of unsealing sealed judicial documents); *see also In re*

*Terrorist Attacks on September 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006).  In *Joy v.*

*North*, 692 F.2d 880 (2d Cir. 1982) the Court of Appeals held that "documents used by parties

moving for, or opposing, summary judgment should not remain under seal absent the most

compelling reasons." 692 F.2d at 893.  The Second Circuit held that "[a]n adjudication is a

---

[24]       *See* Abadin Decl. at para. 30.

formal act of government, the basis of which should, absent exceptional circumstances, be

subject to public scrutiny." *Id.* Corporate litigants are not entitled to conceal information to

which the public is entitled merely because they wish to shield themselves from liability for their

actions from third parties. *In the Matter of Eastman Kodak Company's Application*, 2010 WL

2490982 (S.D.N.Y. June 15, 2010) (denying application to file documents under seal).

**B.     Legal Authority Supporting Intervention**

   **1.     Intervention As Of Right**

   Rule 24 of the Federal Rules of Civil Procedure provides that, on timely motion, the court

must permit anyone to intervene who:  (1) is given an unconditional right to intervene by a

federal statute; or (2) claims an interest relating to the property or transaction that is the subject

of the action, and is so situated that disposing of the action may as a practical matter impair or

impede the movant's ability to protect its interest, unless existing parties adequately represent

that interest. *See* Fed. R. Civ. P. 24(a).

   **2.     Permissive Intervention**

   Rule 24 also gives the court discretion, on timely motion, to permit anyone to intervene

who:  (1) is given a conditional right to intervene by a federal statute;  or (2) has a claim or

defense that shares with the main action a common question of law or fact. *See* Fed. R. Civ. P.

24(b).

## IV.

## SUMMARY OF ARGUMENTS

This Court should grant SLMI's Motion to intervene and to unseal documents for two

reasons. *First*, the Court should unseal the Sealed Documents because there are no compelling

reasons to keep them secret. *Second*, the Court should grant SLMI its motion to intervene

because: (i) as a member of the public, SLMI is entitled to intervene to seek to unseal the

Sealed Documents; (ii) as a holder of a property interest in Stan Lee's creations, SLMI is

entitled to intervene to seek to unseal the Sealed Documents; and (iii) in any event, this Court

should grant SLMI's motion for permissive intervention because common questions of law and

fact exist here, and no undue delay or prejudice will result.

## V.

## DISCUSSION AND ARGUMENTS

### A.     This Court Should Unseal the Documents Because There Are No Compelling Reasons To Keep Them Secret.

There is no compelling reason to maintain the secrecy of the Sealed Documents. Here,

under *Joy v. North* and *Lugosch*, where the documents form the basis for a judicial decision, the

weight afforded the presumption favoring access is at its highest and "should not remain under

seal absent *the most compelling reasons*." 692 F.2d at 893 (emphasis added); *Lugosch*, 435 F.3d

at 119. No such compelling countervailing factors exist sufficient to overcome the presumption

of the public's right of access to the Sealed Documents.

In addition, SLMI's interest in the subject matter of the Sealed Documents (as evidence

relevant to its investigation of the property rights Lee transferred to SLMI) further undermines

any countervailing factors Lee or Marvel may assert.  SLMI has four reasons for seeking

disclosure of the Documents sealed in this matter:

*First*, SLMI is investigating the Shareholder Claims based upon the allegation that, in October 1998, Lee assigned all rights to any intellectual property he then possessed to SLMI. According to the Shareholder Claims, one month later, in November 1998, Lee no longer owned the intellectual property that is the subject matter of the November 1998 Assignment. The Shareholder Claims (including potential claims of ownership of Lee's intellectual property) are assets of SLMI and SLMI is entitled to conduct a reasonable investigation of these claims in connection with its decision whether to take action, as appropriate, in the best interests of SLMI and its shareholders.

*Second*, SLMI is investigating whether, during a period when SLMI was subject to Chapter 11 proceedings in the Bankruptcy Court for the Central District of California, Lee and Marvel sought an adjudication from this Court of ownership of intellectual property that was property of the SLMI bankruptcy estate and that should have been subject to the stay provisions and protections of the Bankruptcy Code and Rules.

*Third*, SLMI is further investigating whether this Court based its decision in *Lee v. Marvel* based upon mistake or an incomplete record. The Shareholder Claims allege that Lee and Marvel failed to inform this Court of the existence of the October 1998 Assignment, and that Lee asserted in this action that he owned the relevant intellectual property contrary to the language in the October 1998 Assignment. SLMI should be allowed to investigate these claims by reviewing the Sealed Documents.

*Fourth*, and finally, SLMI is investigating the Shareholder Claims that SLMI has been adversely dominated by, among others, Lee, such that SLMI has been unable to assert claims on its own behalf until May 27, 2010. SLMI seeks disclosure of the Sealed Documents to

determine whether Lee and other SLMI fiduciaries sought a judicial determination that Lee

owned intellectual property that Lee had, in fact, previously assigned to SLMI.  SLMI further

seeks disclosure to determine whether SLMI fiduciaries caused SLMI to do nothing, and failed

to intervene in *Lee v. Marvel* notwithstanding their duties to protect the best interests of SLMI

and SLMI's shareholders.

      Accordingly, based upon the highest presumption of access accorded the Sealed

Documents here, together with SLMI's need for disclosure to investigate potential property

claims, the Court should unseal the Sealed Documents on an expedited basis.  *Lugosch*, 435 F.3d

110, 122-23 (2d Cir. 2006) (citing cases and stating "[o]ur public access cases and those in other

circuits emphasize the importance of immediate access where a right to access is found.").

**B.**      **This Court Should Grant SLMI's Motion to Intervene Because SLMI Has An Interest in the Disclosure of the Documents That Has Not Been Adequately Protected By Either Lee or Marvel.**

      The Court should grant SLMI's Motion to intervene because: (i) as a member of the

public, SLMI is entitled to intervene to seek to unseal the Sealed Documents; (ii) as a holder of

a property interest in Stan Lee's creations, SLMI is entitled to intervene to seek to unseal the

Sealed Documents;  and (iii) in any event, this Court should grant SLMI's motion for permissive

intervention because common questions of law and fact exist here, and no undue delay or

prejudice will result.

      *First*, as a member of the public, SLMI is entitled to intervene to seek to unseal the

Sealed Documents.  SLMI meets the criteria for either intervention as of right or permissive

intervention in order to unseal the documents filed in connection with Lee and Marvel's motions

for summary judgment in this matter.  *See supra* section V.A. (discussing the basis for unsealing

the Sealed Documents); *Lugosch*, 435 F.3d at 119.

*Second*, as a holder of a property interest in Stan Lee's creations, SLMI is entitled to intervene to seek to unseal the Sealed Documents.  As a threshold matter, this motion is timely because the Colorado Courts have only recently authorized SLMI's current Board to act on behalf of the Company as of May 27, 2010.[25]  Shortly after receiving the Court's authorization, SLMI has brought this motion.  In addition, SLMI asserts more than a sufficient interest relating to the property or transaction that is the subject of the action.  SLMI is investigating potential claims brought on behalf of the Company.  Pursuant to 17 U.S.C. § 106 and 17 U.S.C. § 501(b), SLMI's claims of ownership to Stan Lee's creations gives it a direct, substantial, and legally protectable interest which would put SLMI on an equal footing with both Lee and Marvel in this action.  *See Oneida Indian Nation of New York v. Madison County, Oneida County, N.Y.*, 605 F.3d 149, 162 (2d Cir. 2010);  *see also Hulex Music v. Santy*, 698 F.Supp. 1024, 1029 (D.N.H. 1988) ("A copyright infringement action may only be brought by the legal or beneficial owner of a copyright, and joinder or intervention is limited to persons having or claiming an interest in the copyright"), *citing* 17 U.S.C. § 501(b) ("[t]he court may require the joinder, and shall permit the intervention, of any person having or claiming an interest in the copyright").  Furthermore, at a minimum, without intervention, SLMI's interest in investigating its potential claims will have been impaired because the Sealed Documents are judicial admissions and sworn statements to which SLMI has not been given access.  Finally, neither Lee nor Marvel can be expected to represent SLMI's interests here.  According to the Shareholder Claims, Lee and Marvel acted to SLMI's detriment in regard to the exploitation of Lee's creations and SLMI's ownership of Lee's creations would negatively impact both Lee and Marvel's financial interests.  Accordingly, sufficient grounds exist to grant SLMI's Motion to intervene.

---

[25]    *See* Ex. J, Colorado Order;  *see also* Abadin Declaration, para. 29-30.

*Third*, this Court should, in the alternative, grant SLMI's Motion for permissive intervention because common questions of law and fact exist here, and no undue delay or prejudice will result.  Simply put, at the heart of this action, as well as the various actions brought on behalf of SLMI spawned by the seemingly conflicting assignments in October and November 1998, is the question of who owns Spider-Man and his comrades. [26]  In declaratory judgment actions involving copyrights, the "first to file" or "prior action pending" doctrine dictates that the judge in the first-filed action determine which action should proceed where there is substantial overlap in the actions,. *ALS Scan, Inc. v. RemarQ Communities, Inc.*, 239 F.3d 619 (4th Cir. 2001); *Andy Stroud Inc. v. Brown*, 2009 WL 539863 (S.D.N.Y. 2009).[27]  Also, no undue delay or prejudice would result here because this case is closed and, at this point, SLMI is seeking no more than access to documents that should be publicly available.

Accordingly, the Court should grant SLMI's motion to intervene.

---

[26]    *See* McGrath Aff., Ex. K, Amended Verified Derivative Complaint; *see also* McGrath Aff., Ex. L, Proposed Second Amended Verified Derivative Complaint.

[27]    Given the multitude of lawsuits and the risk of inconsistencies if each lawsuit is pursued separately, counsel for SLMI anticipates that it will seek additional relief and guidance on the nature, scope and effect of the Court's January 17, 2005 Order, and the extent to which this Court will retain jurisdiction over some or all of the issues raised by the original pleadings in this matter.

# VI.

## CONCLUSION

For the reasons stated above, this Court should grant SLMI's motion to intervene for the limited purpose of unsealing the Sealed Documents or, in the alternative, should identify the reasons for sealing these documents in a written sealing order and vacate or modify that sealing order to the extent necessary to permit SLMI to inspect the Sealed Documents for the purposes of its investigation, together with such other relief that is just and appropriate.

Dated: New York, New York
      July14, 2010

                        Respectfully submitted,

                        Raymond J. Dowd (RD7508)
                        Luke McGrath (LM8070)
                        Dunnington, Bartholow & Miller, LLP
                        1359 Broadway, Suite 600
                        New York, New York 10018
                        Phone:  (212) 282-8811
                        Facsimile:  (212) 661-7769
                        *Attorneys for Intervenor SLMI*

## CERTIFICATE OF CONFERENCE

The undersigned affirms under penalty of perjury pursuant to 28 U.S.C. § 1746 that

SLMI communicated with counsel of record for Stan Lee and Marvel Enterprises, Inc., by letter

dated July 13, 2010 and requested that they consent to the relief sought by SLMI in its Motion to

Intervene and Unseal Records.  Pursuant to follow up telephone calls, counsel for Marvel

Enterprises, Inc., David Fleischer of Haynes and Boone and Jodi Aileen Kleinick of Paul,

Hastings, Janofsky & Walker LLP declined to consent to SLMI's Motion.  Howard Graf, counsel

for Stan Lee, has not responded to SLMI's letter request and could not be reached by telephone

as of the time of the filing of SLMI's Motion.

I affirm under penalty of perjury that the foregoing is true and correct.

Raymond J. Dowd

15