Raymond J. Dowd (RD7508)
Luke McGrath (LM8070)
Dunnington, Bartholow & Miller LLP
1359 Broadway, Suite 600
New York, New York 10018
Phone:  (212) 682-8811
Facsimile:  (212) 661-7769
lmcgrath@dunnington.com
*Attorneys for Intervenor Stan Lee Media Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **STAN LEE,** ) | **02 CV 8945 (RWS)** |
| ) | **ECF Case** |
| *Plaintiff,* ) | |
| ) | |
| - against - ) | |
| ) | |
| **MARVEL ENTERPRISES, INC. and MARVEL** ) | |
| **CHARACTERS, INC.,** ) | |
| ) | |
| *Defendants.* ) | |
| ) | |
| ) | |
| ) | |

## MEMORANDUM OF LAW IN SUPPORT
## OF MOTION TO VACATE JUDGMENT, TO SUBSTITUTE
## AS REAL PARTY IN INTEREST AND TO FILE COMPLAINT

Raymond J. Dowd (RD7508)
Luke McGrath (LM8070)
Dunnington, Bartholow & Miller
LLP
1359 Broadway, Suite 600
New York, New York 10018

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES.................................................................... iii-vi

I.  PRELIMINARY STATEMENT............................................................ 1

II.  RELEVANT FACTUAL AND PROCEDURAL HISTORY........................... 4

    A.  Lee Founds SLMI and Transfers All of His
        Property Rights to That Company ................................. 4

    B.  Lee v. Marvel: In 2002, Lee Sues Marvel In This 2002
        Action Over The November 1998 Assignment.................... 7

    C.  SLMI Shareholders Attempt Suits On Behalf
        of the Company Against Marvel and Lee et al..................... 8

    D.  SLMI's Minority Shareholders Successfully Wrest
        Control of SLMI from Stan Lee ....................................... 9

III.  STANDARD FOR A MOTION TO SUBSTITUTE REAL PARTY
    IN INTEREST AND TO VACATE JUDGMENT............................. 10

    A.  Legal Standard Forbidding Dismissal of an Action
        without Joinder or Substitution of the Real
        Party in Interest......................................................... 10

    B.  Legal Standard Requiring Joinder of A Real Party In
        Interest .................................................................. 10

    C.  Legal Authority Supporting Substitution or Joinder
        of  SLMI As The Plaintiff Real Party in Interest As of
        November 2002......................................................... 11

        a.  Every Plaintiff Must Have Standing to Establish
            A Case or Controversy Under Article III of The
            Constitution, Under The Copyright Act Section 501(b)
            Only The Copyright Owner Has Standing................. 11

    D.  Legal Authority Supporting SLMI's Motion To Vacate The
        Prior Judgments As Real Party in Intrest                          12

    E.  Rule 15 and 17 Of  The Federal Rules of Civil
        Procedure Require The Real Party In Interest's

Claims To Relate Back To The Original Pleading, Even
Where Otherwise Time-Barred.......................................  13

IV.   SUMMARY OF ARGUMENTS...................................................  15

V.    DISCUSSION AND ARGUMENTS..............................................  15

A.    Lee's Lack of Ownership and Lack of Standing To Bring
This Action Warrant Application of Rule 17 to Substitute
Or Join SLMI As A Plaintiff To Avoid Claim Forfeiture .......  15

B.    This Court Should Vacate Its Prior Rulings and Reopen
The Case Pursuant to Rule 60 of the Federal Rules of Civil
Procedure...............................................................  18

VI.   CONCLUSION                                                          21

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Abadin v. Marvel Entertainment, Inc.*,
2010 WL 1257519 (S.D.N.Y. March 31, 2010)……………………………….... — 9

*ABKO Music, Inc. v. Harrisongs Music, Ltd.*,
944 F.2d 971 (2d Cir. 1991)……………………………………………….…... — 11,16

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc..*
106 F.3d 11 (2d. Cir. 1997)……………………………………………………….. — 13,14,16,17

*Arizonans for Official English v. Arizona*,
520 U.S. 43, 117 S.Ct. 1055 (1997) …………………………...………………….. — 12

*Beller & Keller v. Tyler*,
120 F.3d 21 (2d Cir. 1997)…………………………………………………….... — 13

*Briarpatch Ltd. v. Phoenix Pictures, Inc.*,
373 F.3d 296 (2d Cir. 2004)………………………………………………….…. — 12

*Collins v. Foreman*,
729 F.2d 108 (2d Cir. 1994)………………………….…………………….…… — 13,18

*Del Re v. Prudential Lines, Inc.*,
669 F.2d 93 (2d Cir. 1982)…………………………………………………….. — 16

*Fobian v. Storage Technology Corp.*,
164 F.3d 887 (4th Cir. 1999)………………………………….…………….…… — 18

*Fustok v. ContiCommodity Servs., Inc.*,
873 F.2d 38 (2d Cir. 1989)……………………………………………………..... — 13

*Grace v. Bank Leumi Trust Co. of New York*,
443 F.3d 180 (2d Cir. 2006)………………………….……………………………… — 12,13,18

*Horne v. Flores*,
129 S.Ct. 2579 (2009)………………………..……………………………….... — 13

*In re Adelphia Comm'ns Corp.*,
2009 WL 1490599 (S.D.N.Y. May 21, 2009)……………………………………….. — 16

*In re International Fibercom, Inc.*,
503 F.3d 933 (9th Cir. 2007)…………………………………………………..... — 20

*Lans v. Digital Equipment Corp.*,
252 F. 3d 1320 (Fed. Cir. 2001)...………………………………..………….. 11

*Lujan v. Defenders of Wildlife*,
504 U.S. 555, 112 S.Ct. 2130 (1992)  S.Ct. 2130 (1992)………………………… 12

*Kamikaze Music Corp. v. Robbins Music Corp.*,
 534 F. Supp. 69 (S.D.N.Y. 1982) ……………………….…………………….... 12

*Keene Corp. v. United States*,
508 U.S. 200, 113 S.Ct. 2035 (1993)……………………………………....……… 12

*Marshall v. Holmes*,
141 U.S. 589, 12 S.Ct. 62, 35 L.Ed. 870 (1891)………………………………….. 19

*Marvel Characters, Inc. v. Simon*,
310 F.3d 280 (2d Cir. 2002)…………………………………………………. 4

*Marvel Worldwide, Inc. v. Kirby*,
2010 WL 1655253 (S.D.N.Y. April 14, 2010)…………………………………… 4

*Night Hawk Ltd., v. Briarpatch Ltd.*,
2003 WL 23018833 (S.D.N.Y. December 23, 2003) (Sweet, J.)
*aff'd in part, vacated in part, remanded by Briarpatch Ltd. v.*
*Phoenix Pictures, Inc.*, 373 F.3d 296 (2d. Cir. 2004)…………………………….... 12

*Paradise Creations, Inc. v. UV Sales, Inc.*,
315 F.3d 1304 (Fed. Cir. 2003)…….................……………………………………. 11

*Ruddies v. Auburn Spark Plug Co.*,
261 F.Supp. 648 (S.D.N.Y. 1966)…………………………………………….... 13

*Securities and Exchange Commission v. Brennan*,
230 F.3d 65 (2d Cir. 2000)……………………………………………………….... 13,20

*U.S. v. Alpine Land & Reservoir Co.*,
984 F.2d 1047(9th Cir. 1993)*cert. denied*, 510 U.S. 813, 114 S.Ct.
60 (1993)……………………………………………………………………….. 20

*U.S. v. Beggerly*,
524 U.S. 38 (1998)…………………….……………………………………... 19

*Wiwa v. Royal Dutch Petroleum Co.*,
2009 WL 464946 (S.D.N.Y. February 25, 2009)………………………………… 16

*W.R. Huff Asset Management Co., LLC. v. Deloitte & Touche LLP*,
   549 F.3d 100 (2d Cir. 2008)..................................................................... 16

## STATE CASES

*James McKinney & Son v. Lake Placid 1980 Olympic Games*,
   61 N.Y.2d 836 (1984).......................................................................... 12,17

*National Financial Co. v. Uh*,
   279 A.D.2d 374 N.Y.S.2d 17 (App. Div. 1st Dep't 2001)............................ 12,17

## FEDERAL RULES AND STATUTES

Fed. R. Civ. P. 15.................................................................................. 1,3

Fed. R. Civ. P. 15(a) ............................................................................. 13

Fed. R. Civ. P. 15(c)............................................................................... 14

Fed. R. Civ. P. 17.................................................................................. 1,3,13,15,16,
   17,18

Fed. R. Civ. P. 17 (a)............................................................................. 10,14,18

Fed. R. Civ. P. 19.................................................................................. 1,10,11,15,18

Fed. R. Civ. P. 19(c)............................................................................... 3

Fed. R. Civ. P. 60 (b)............................................................................. 3,18

Fed. R. Civ. P. 60 (b)(4)........................................................................ 13

Fed. R. Civ. P. 60(b) (5) ........................................................................ 19

Fed. R. Civ. P. 60(b)(6)......................................................................... 19,20

Fed. R. Civ. P. 60(d)(3).......................................................................... 18

11 U.S.C. § 362(a)................................................................................. 20

17 U.S.C. § 501...................................................................................... 11,18

17 U.S.C. § 501(b).................................................................................. 1,11,15,16,17

28 U.S.C. § 1338.................................................................................... 11

28 U.S.C. § 1334(e)(1)……………………………………………………….. 20

**TREATIES**

11 Wright & Miller, Federal Practice and Procedure § 2862……………………... 13

**Miscellaneous**

*Jose Abadin, et al. v. Marvel Entertainment, Inc., et al.,*
07-CV-2238 (PAC) (S.D.N.Y. 2007)…………………………………………… 8

*Jose Abadin, et al. v. Marvel Entertainment, Inc., et al.,* 09-CV-0715………….. 8

*Jose Abadin, et al. v. Marvel Entertainment, Inc., et al.,* 09-CV-0715 (PAC)
(S.D.N.Y. 2009)………………………………………………………… 8

*Jose Abadin, et al. v. Stan Lee,*
09-CV-2340 (C.D. Cal. 2009) (SVW)..………………………………………. 8

*In re Stan Lee Media, Inc.,*
SV 01-11329 KT, SV-01-11331-KL…………………………………………… 6
*In re Stan Lee Media, Inc.,*
SV-01-11331-KL, (C.D. Cal. 2001)…………………………………………… 6

*QED Productions et al. v. James Nesfield, et al.,*
Case No. 07-CV-225 (SVW) (C.D. Cal. 2007)..………………………………… 8

*Stan Lee Media, Inc. v. Stan Lee et al.,*
07-CV-4438 (SVW) (C.D. Cal. 2007)…………………………..………………….. 8

*Stan Lee Media, Inc. v. Marvel Entertainment, Inc., et al.,*
07-CV-2238 (PAC) (S.D.N.Y 2007)…………………………..……………………. 8

Pursuant to Rules 15, 17, 19 and 60(b) of the Federal Rules of Civil Procedure and 17

U.S.C. §501(b) and based upon the accompanying papers, Stan Lee Media, Inc. ("SLMI" or

"Company") seeks to prosecute this action as the real party in interest. Pursuant to Rule 60 of

the Federal Rules of Civil Procedure, SLMI moves to vacate this Court's order dated January 17,

2005 awarding partial summary judgment in the form of 10% of the profits in Spider-Man: The

Movie (the "Lee Order"), and the "So Ordered" Stipulation of Dismissal dated April 27, 2005

(together "the Orders"). SLMI moves to vacate the Orders because (a) the Court lacked subject

matter jurisdiction to issue the Orders; (b) the Orders were obtained *ex parte* and collusively; (c)

the Orders violated the Bankruptcy Code's automatic stay provisions and (d) the Orders appear

to be a product of fraud. Accordingly, SLMI respectfully requests that the Court substitute SLMI

as plaintiff and direct the Clerk to file the annexed Proposed Complaint.[1]

## I.

## PRELIMINARY STATEMENT

On May 27, 2010 the Colorado Court of Appeals empowered a new board of directors to

act for SLMI, freeing the Company from Lee's control. As assignee of Stan Lee's intellectual

property rights, SLMI, a company with approximately 1,800 shareholders holding over sixteen

million shares, was an indispensable real party in interest when this action was filed. SLMI is

aggrieved by this Court's prior judgment, and should be permitted to reclaim its rights. In

November 2002, Stan Lee commenced this action ("*Lee v. Marvel*"), claiming Marvel hadn't

paid him a share of profits for intellectual property Lee claimed to have assigned to Marvel in

---

[1]     Proposed Complaint captioned *Stan Lee Media, Inc. v. Stan Lee and Marvel Entertainment, LLC.* attached as Exhibit A to the Affirmation of Raymond J. Dowd dated July 26, 2010 (Dowd Aff.).

November, 1998, including Spider-Man, The Incredible Hulk, Iron Man, Fantastic Four, X-Men and Thor (the "November 1998 Assignment" of the "Lee Characters").[2]

     *Lee v. Marvel* alleged that Lee created or co-created the Lee Characters,  that the November 1998 Assignment was a conditional assignment of the rights to the Lee Characters to Marvel, and that Marvel's failure to pay Lee royalties to Spider-Man: The Movie breached the conditional assignment. *Lee v. Marvel* alleges diversity jurisdiction and makes no reference to the Copyright Act.  Marvel's Answer does not dispute Lee's "rights" nor the fact of the November 1998 Assignment.

     But on October 21, 1998, prior to the November 1998 Assignment to Marvel, Lee assigned the rights to the Lee Characters to SLMI (the "October 1998 Assignment").  The October 1998 Assignment is in writing, contains language of a present transfer and is signed by Lee, the party to be bound.  In exchange for the October 1998 Assignment, Lee was richly compensated in SLMI shares and given management control of SLMI.  At all times after October 1998, Lee was not a legal or beneficial owner of the Lee Characters and thus lacked standing under both state law and the Copyright Act to file a lawsuit in his own name.

     On January 17, 2005, this Court, by the Honorable Robert W. Sweet, granted partial summary judgment to Lee finding that, pursuant to the terms of the November 1998 Assignment, Lee was entitled to 10% of the profits from the Spiderman film (the "January 17, 2005 Order"). [3]

---

[2]   References herein are made to documents previously docketed in support of SLMI's pending Motion to Intervene and Unseal, Docket Nos. 30-34. To avoid duplication and following a consultation with Chambers to determine Judge Sweet's preference, SLMI did not re-docket these previously-docketed documents, but cites as [Docket No. ___]. *See* Affirmation of Luke A. McGrath ("McGrath Aff."), Ex. A, Complaint, *Lee v. Marvel*, Case No. 02-CV-8945 (RWS) ("Ex. A, *Lee v. Marvel* Complaint") [Docket No. 33]

[3]   *See* McGrath Aff., Ex. B, Order, Case No. 02-CV-8945, dated January 17, 2005 ("Ex. B, January 17, 2005 Order") [Docket No. 33].

The January 17, 2005 Order gives the appearance that Judge Sweet was not informed that Lee no longer owned an interest in the Lee Characters.

With Lee in control of management, SLMI was in bankruptcy from February, 2001 until the bankruptcy was dismissed in December, 2006. *Lee v. Marvel* was filed by Lee in his personal capacity on November 12, 2002.  Thus, Lee and Marvel diverted SLMI's funds and property while SLMI was in bankruptcy.

From the start, SLMI was the "real party in interest" of Lee's claims against Marvel. Rule 19(c) requires a real party in interest to be identified in the pleadings and joined, and Rules 15 and 17 of the Federal Rules of Civil Procedure permit a real party in interest to file a pleading that "relates back" to the original filing date.  SLMI has annexed a Proposed Complaint dated as of November 12, 2002 seeking a declaration of title and an accounting.  The Proposed Complaint realigns the caption to make SLMI plaintiff and Stan Lee and Marvel Entertainment LLC ("Marvel") defendants.

Because SLMI was the only party with standing to bring this action, the Orders are void for lack of subject matter jurisdiction and should be vacated.   Fraud, misrepresentation and the exclusive jurisdiction of the Bankruptcy Court during the pendency of SLMI's bankruptcy may also provide grounds for vacating the Orders under Rule 60(b) of the Federal Rules of Civil Procedure because it appears that neither Lee nor Marvel informed this Court of the October 1998 Assignment and SLMI's bankruptcy.

The Proposed Complaint mirrors the *Lee v. Marvel* Complaint.  Rule 17 of the Federal Rules of Civil Procedure gives the real party in interest the right to prosecute an action relating back to the original filing.  Where, as here, there is no prejudice to the defendants and failure to grant the relief would work a forfeiture, the law of this Circuit mandates relief.  Based on the

evidence presented below, this Court should vacate the Orders, substitute SLMI as plaintiff,

permit filing of the Proposed Complaint and permit SLMI to unravel this tangled web.

## II.

## RELEVANT FACTUAL AND PROCEDURAL HISTORY

A.    **Lee Founds SLMI and Transfers All of His Property Rights to That Company.**

In October 1998, Lee founded SLMI (then called Stan Lee Enterprises) after Marvel had

repudiated its executory arrangements with Lee and others during Marvel's bankruptcy

proceedings.[4]   In exchange for Lee's contribution of intellectual property, Lee was granted a

significant number of SLMI shares and control of SLMI.  SLMI then went public.[5]   At one point

in 2000, SLMI had a market cap on the NASDAQ exchange in excess of $300 million.[6]   SLMI

disclosed the October 1998 Assignment in a public filing with the SEC in March 2000, which

filing Lee signed as Chairman of the Company.[7]   SLMI shareholders have asserted that they

based their investments in SLMI in large part upon the expectation that SLMI would exploit

Lee's intellectual property rights, assigned to the Company pursuant to the October 1998

Assignment, and that SLMI would receive any revenues flowing therefrom.[8]   Even an

---

[4]      Marvel's disputes over authorship of its comic book heroes have occupied the
courts for some time.  *See, e.g., Marvel Characters, Inc. v. Simon,* 310 F.3d 280 (2d Cir.
2002)(authorship of *Captain America* presented a triable issue of fact despite settlement stating
work for hire); *Marvel Worldwide, Inc. v. Kirby,* 2010 WL 1655253 (S.D.N.Y. April 14,
2010)(CM)(dispute over whether Jack Kirby's contributions to Fantastic Four, the Incredible
Hulk and X-Men are works for hire).

[5]      Declaration of Jose M. Abadin, paras. 6-7, 9-10  ("Abadin Decl.");  *see* Abadin
Decl., para. 7. [Docket No. 34]

[6]      *See* Abadin Decl., para. 8. [Docket No. 34]

[7]      *See* McGrath Aff., Ex. C, Excerpts from SLMI Form 10KSB, March 2000 (last
accessed June 18, 2010). [Docket No. 33]

[8]      *See* Abadin Decl., para. 9-10. [Docket No. 34]

independent director of SLMI believed that SLMI owned the Lee Characters before he was
frozen out by Lee.[9]



The foregoing image was used in SLMI marketing materials.[10]  As Lee wrote in a December 16,
2000 email to the independent director (referring to SLMI):

---

[9]      See Dowd Aff., Ex. B. (Declaration of Nelson Thall dated July 21, 2010) ("Thall
Decl.").

[10]     Thall Decl. Ex. A.

> Oh, by the way, I read my SLM contract and I'm afraid the poem
> does legally belong to SLM, as does everything else I have done, am
> now doing, or will do.[11]

Accordingly, the SLMI shareholders' belief that the Lee Characters were owned by SLMI was grounded in objective fact and based on admissible evidence of which this Court may take cognizance. The October 1998 Assignment was eventually recorded with the U.S. Copyright Office for such characters as Spiderman, The Incredible Hulk, X-Men, Fantastic Four, Iron Man, Daredevil, Silver Surfer, Dr. Strange and for Stan Lee Presents.[12]

In February 2001, Lee put SLMI into Chapter 11.[13] SLMI did not emerge from bankruptcy as a reorganized entity. After September 2000, but before Lee filed SLMI's bankruptcy, Lee caused the SEC to revoke SLMI's registration on September 13, 2004 by failing to make required disclosures.[14] The State of Colorado administratively dissolved the Corporation in August 2002.[15] Finally, after SLMI's bankruptcy languished for years, on November 17, 2006, the Bankruptcy Court dismissed it.[16]

---

[11] Thall Decl. Ex. B.

[12] *See* McGrath Aff., Ex. D, Document Cover Sheet, U.S. Copyright Office Recordation Vol. 3544, Document 426 (Nov. 29, 2006) [Docket No. 33]; *see* Abadin Decl., para. 8. [Docket No. 34]

[13] *In re Stan Lee Media, Inc.*, Case No. SV 01-11329 KT, jointly administered with Case No. SV-01-11331-KL, (C.D. Cal. 2001)(the SLMI Bankruptcy Case).

[14] *See* McGrath Aff., Ex. E, SEC Order Initiating Proceeding, Admin. Proc. File No. 3-11584 (August 11, 2004); and Ex. F, SEC Order Making Findings and Imposing Remedial Sanction By Default, Admin. Proc. File No. 3-11584 (September 14, 2004). [Docket No. 33]

[15] *See* McGrath Aff., Ex. G, Colorado Secretary of State, History and Documents for Stan Lee Media, Inc. (indicating that Colorado changed SLMI's status to dissolved in March 2002 and the Company was administratively dissolved on August 1, 2002). [Docket No. 33]

[16] *See* McGrath Aff., Ex. H, Order and Entry of Judgment in Bankruptcy Case, Case No. 01-SV-11329KL, (entered December 6, 2006). [Docket No. 33]

**B.     Lee v. Marvel:  In 2002, Lee Sues Marvel In This 2002 Action
        Over The November 1998 Assignment**

In November 2002, approximately 20 months after the time SLMI first entered

bankruptcy, Lee commenced *Lee v. Marvel* seeking to enforce Lee's rights under the November

1998 Assignment.  In the Complaint, Lee alleged:

> ¶13.    The Agreement at issue in this case [the November 1998 Assignment] was
> entered into among Mr. Lee, Company and Marvel as of November 1, 1998 …
>
> ¶14.    Under [the November 1998 Assignment] the Defendants were given the right and
> assumed the obligation to commercially exploit Mr. Lee's characters, as well as his name.
> In order to facilitate these rights and obligations, Defendants received a conditional
> assignment of Mr. Lee's rights in his many world famous and hugely popular characters,
> and Mr. Lee was entitled to share in the profits from any live action or animation
> television or movie production based on these characters and other Marvel characters, as
> well as profits from the exploitation of any ancillary rights associated with such film or
> television productions, including toys.[17]

On January 17, 2005, this Court granted in part and denied in part Lee's motion for

partial summary judgment and granted a limited portion of Marvel's summary judgment

motion.[18]   On April 22, 2005, the Court so ordered a Stipulation and Order of Dismissal.[19] On

July 14, 2010, SLMI moved this court to intervene and unseal the summary judgment papers.[20]

---

[17]     McGrath Aff., Ex. A, *Lee v. Marvel* Complaint at paras.  13-14. [Docket No. 33].

[18]     *See* McGrath Aff., Ex. B, January 17, 2005 Order. [Docket No. 33]

[19]     *See* McGrath Aff., Ex. I, Docket Sheet, Docket Entry 30, entered April 27, 2005.
[Docket No. 33]

[20]     Docket Sheet, Case No. 02-CV-8945, Stan Lee v. Marvel Enterprises, Inc. and
Marvel Characters, Inc. [Docket No. 31-36] (SLMI's Motion to Intervene and Unseal).  The
motion to invervene and unseal is returnable before this Court on October 6, 2010.

C.   **SLMI Shareholders Attempt Suits On Behalf**
     **of the Company Against Marvel and Lee et al.**

Starting in 2007, after dismissal of the SLMI bankruptcy, but before SLMI was able to

elect a new Board, minority shareholders of SLMI brought lawsuits on behalf of Company

seeking to enforce SLMI's rights of ownership to Lee's creations based on the October 1998

Assignment and other claims against Stan Lee and others (the "Shareholder Claims").[21]  SLMI

shareholders filed a derivative action in July 2007 in the United States District Court for the

Central District of California, Docket No. 07-CV-4438 ("the California Action").[22]  SLMI

shareholders filed another derivative action in the Southern District of New York before the Hon.

Paul A. Crotty (the "S.D.N.Y. Action").[23]  The Shareholder Claims are, *inter alia*, that:

- Pursuant to the October 1998 Assignment, Lee divested himself of all ownership
  right to any and all of his creations by assigning those rights to SLMI;

- In November 1998, when Lee is purported to have assigned his rights to Marvel,
  Lee no longer possessed any rights to any of his creations;

---

[21]   *Stan Lee Media, Inc. v. Stan Lee et al.*, Case No. 07-CV-4438 (SVW) (C.D. Cal.
2007) jointly administered with *QED Productions et al. v. James Nesfield, et al.*, Case No. 07-
CV-225 (SVW) (C.D. Cal. 2007); *Jose Abadin, et al. v. Stan Lee*, Case No. 09-CV-2340 (C.D.
Cal. 2009) (SVW); *Stan Lee Media, Inc. v. Marvel Entertainment, Inc., et al.*, Case No. 07-CV-
2238 (PAC) (S.D.N.Y 2007) (dismissed without prejudice); *Jose Abadin, et al. v. Marvel
Entertainment, Inc., et al.*, Case No. 09-CV-0715 (PAC) (S.D.N.Y. 2009) (dismissed, appeal
pending)(the "S.D.N.Y. Action").

[22]   Case No. 07-CV-4438.  Previous to that action, Lee and Companies under Lee's
control brought a previous related action in January 2007 in California, *QED Productions, et. al
v. James Nesfield, et. al*, Case No. 07-CV-223.  SLMI's shareholders also brought a second
shareholder action filed in 2009. *Jose Abadin, et al. v. Stan Lee*, Case No. 09-CV-2340.  The
California Court, the Honorable Judge Steven V. Wilson presiding, has stayed these jointly
administered actions until such time as a duly authorized representative of SLMI notifies the
Court that SLMI is prepared to intervene in these matters and, in the case of Case No. 09-CV-
2340, until there is a resolution of the motion to dismiss in the S.D.N.Y. Action that is currently
pending appeal.  SLMI intends to intervene in all relevant matters as appropriate in the best
interests of its shareholders in due course.

[23]   *See* S.D.N.Y. Action (*Jose Abadin, et al. v. Marvel Entertainment, Inc., et al.*,
Case No. 09-CV-0715).

- Lee and Marvel were aware of the previous assignment, but pursued a strategy by which Lee and Marvel continued to exploit Lee's creations without acknowledging the ownership rights assigned to SLMI;  and

- When Lee and Marvel litigated *Lee v. Marvel*, neither Lee nor Marvel informed Judge Sweet of the October 1998 Assignment or the fact that SLMI may have been an indispensable party to the case.[24]

On March 31, 2010, Judge Crotty dismissed the S.D.N.Y. Action, finding, *inter alia*, that the plaintiff shareholders lacked derivative standing because they had purchased their shares in 1999, too late to challenge the November 1998 Assignment.[25]

## D.    SLMI's Minority Shareholders Successfully Wrest Control Of SLMI from Stan Lee

On May 27, 2010, the Colorado Court of Appeals decided that the Board elected at a meeting of SLMI shareholders in December 2008 was the duly elected Board of Directors of SLMI.[26] On July 8, 2010, the SLMI Board held its first meeting and issued resolutions authorizing counsel for the Company to investigate the Shareholder Claims and to pursue valid claims consistent with the best interests of the Company and its shareholders.[27]

Pursuant to authority from the freshly-empowered Board, SLMI has expeditiously investigated shareholder claims that Lee and Marvel have been improperly diverting revenues from SLMI and exploiting SLMI's assets without authorization.  Now SLMI, through its

---

[24]    *See* Abadin Decl. at para. 26-27. [Docket No. 34]

[25]    *Abadin v. Marvel Entertainment, Inc.*, 2010 WL 1257519 (S.D.N.Y. March 31, 2010)(Crotty, J.).  Judge Crotty also determined the Shareholder Claims to be time-barred and that certain shareholders had delayed the proceedings before him.

[26]    *See* McGrath Aff., Ex. J, Order, *P.F.P. Family Holdings, L.P. v. Stan Lee Media, Inc.*, Case No. 09-CA-0899, Col. Crt. App., May 27, 2010 ("Ex. J, Colorado Order"). [Docket No. 33]

[27]    *See* Abadin Decl. at para. 30. [Docket No. 34]

Proposed Complaint seeks a declaration of title to the intellectual property Stan Lee contributed

and assigned to SLMI.

## III.

### STANDARD FOR A MOTION
### TO SUBSTITUTE REAL PARTY IN INTEREST AND TO VACATE JUDGMENT

#### A. Legal Standard Forbidding Dismissal of An Action Without Joinder or Substitution of The Real Party in Interest

Rule 17 (a) of the Federal Rules of Civil Procedure provides:

Plaintiff and Defendant; Capacity; Public Officers

**(a) Real Party in Interest.**
    (1) Designation in General. An action must be prosecuted in the name of the real party in interest.[...]

**(3) Joinder of the Real Party in Interest.**
    The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed.R.Civ.P. 17(a).

#### B. Legal Standard Requiring Joinder of A Real Party In Interest

Rule 19 of the Federal Rules of Civil Procedure provides:

**(a) Persons Required to Be Joined if Feasible.**

    **(1) Required Party.** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

    (A) in that person's absence, the court cannot accord complete relief among existing parties; or
    (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
        (i) as a practical matter impair or impede the person's ability to protect

10

the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

**(2) Joinder by Court Order.** If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.[....]

**(c) Pleading the Reasons for Nonjoinder.** When asserting a claim for relief, a party must state:

(1) the name, if known, of any person who is required to be joined if feasible but is not joined; and

(2) the reasons for not joining that person.

Fed.R.Civ.P. 19.

## C. Legal Authority Supporting Substitution or Joinder of SLMI As The Plaintiff Real Party in Interest As of November 2002

### a. Every Plaintiff Must Have Standing to Establish A Case or Controversy Under Article III of the Constitution, Under The Copyright Act Section 501(b) Only The Copyright Owner Has Standing

The Proposed Complaint alleges that Stan Lee assigned his copyrights to SLMI in October 1998 and that SLMI recorded the assignment with the U.S. Copyright Office. An assignment is valid if it is in writing, contains language of a present transfer and is signed by the party to be bound. *See* 17 U.S.C. §204(b). Under federal law governing copyrights, subject matter jurisdiction turns on federal question jurisdiction under 28 U.S.C. § 1338 (copyrights, trademarks and patents). Under federal law, a pre-litigation assignment of intellectual property ownership deprives the plaintiff-assignor of standing to sue. *See, e.g., Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1310 (Fed. Cir. 2003); *Lans v. Digital Equipment Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001).

An assignee of a copyright is the owner of a copyright and thus the "real party in interest" with standing to bring ownership and infringement claims. 17 U.S.C. § 501; *ABKO Music, Inc.*

*v. Harrisongs Music, Ltd.*, 944 F.2d 971, 980-81 (2d Cir. 1991). Where standing is based on an assignment of copyrights, recording the assignment is sufficient to permit a plaintiff-assignee standing to assert ownership and infringement claims. 17 U.S.C. § 204; *Kamikaze Music Corp. v. Robbins Music Corp.*, 534 F. Supp. 69 (S.D.N.Y. 1982) (Sweet, J.). Under New York law, where a plaintiff assigned its rights before filing a lawsuit, the plaintiff has no standing. *National Financial Co. v. Uh*, 279 A.D.2d 374, 375, 720 N.Y.S.2d 17 (1st Dep't 2001); *James McKinney & Son v. Lake Placid 1980 Olympic Games*, 61 N.Y.2d 836, 838 (1984).

Standing to sue under Article III of the U.S. Constitution, like other bases of federal court jurisdiction, must be present at the time of commencement of the federal lawsuit. *See, e.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570 n. 5, 112 S.Ct. 2130 (1992) (plurality opinion) ("[S]tanding is to be determined as of the commencement of suit."); *Keene Corp. v. United States*, 508 U.S. 200, 207, 113 S.Ct. 2035 (1993) ("[T]he jurisdiction of the Court depends on the state of things at the time of the action brought."); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64, 67, 117 S.Ct. 1055 (1997) (standing is an aspect of the U.S. Constitution's "case or controversy" requirement and must be satisfied "at all stages of review").

### D. Legal Authority Supporting SLMI's Motion To Vacate The Prior Judgments As Real Party in Interest

For all intents and purposes, a motion to vacate a void judgment "may be made at any time." *Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180, 190 (2d Cir. 2006). The absence of an indispensable party such as a copyright owner deprives the court of subject matter jurisdiction over claims involving the ownership and validity of the copyright. *See Night Hawk Ltd. v. Briarpatch Ltd.*, 2003 WL 23018833 (S.D.N.Y. December 23, 2003) (Sweet, J.) *aff'd in part, vacated in part, remanded by Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296 (2d Cir. 2004); *cert. denied* 544 U.S. 949 (2005). Although most motions to declare a judgment void rest

on claims that the court lacked jurisdiction over the parties, the subject matter, or both, a

judgment is void if a court with jurisdiction has "acted in a manner inconsistent with due process

of law." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 39 (2d Cir. 1989).   A void

judgment cannot acquire validity because of laches on the part of the party against whom it is to

be enforced. *Beller & Keller v. Tyler*, 120 F.3d 21 (2d Cir. 1997) *citing* 11 Wright & Miller,

Federal Practice and Procedure § 2862; *Ruddies v. Auburn Spark Plug Co.*, 261 F.Supp. 648, 657

(S.D.N.Y. 1966).  Federal Rule of Civil Procedure 60(b)(5) permits a party to obtain relief from

a judgment or order if, among other things, "applying [the judgment or order] prospectively is no

longer equitable." *Horne v. Flores*, 129 S.Ct. 2579, 2592 (2009).

 Where a bankruptcy is pending, a district court's rulings inconsistent with the exclusive

jurisdiction of the Bankruptcy Court affecting the bankruptcy estate are void. *Securities and

Exchange Commission v. Brennan*, 230 F.3d 65 (2d Cir. 2000).  The Second Circuit permits

collateral attacks even by non-parties on judgments under Rule 60(b)(4) where a "jurisdictional

claim could arguably render the judgment void." *Collins v. Foreman*, 729 F.2d 108, 111 (2d Cir.

1994) *accord Grace v. Bank Leumi Trust Co. of New York*, 443 F.3d 180, 188 (2d Cir. 2006).

### E. Rules 15 and 17 of the Federal Rules of Civil Procedure Require The Real Party In Interest's Claims To Relate Back To The Original Pleading, Even Where Otherwise Time-Barred

 Rule 15(a) of the Federal Rules of Civil Procedure instructs courts that leave to amend

should be "freely given".   In *Advanced Magnetics, Inc., supra*, 106 F.3d at 18-20 106 F.3d at 18

-20, the Second Circuit read Rule 15(a) together with Rule 17 of the Federal Rules of Civil

Procedure to (1) permit substitution of plaintiffs who claimed to be real parties in interest and (2)

permitted the claims asserted by the new plaintiffs to relate back to the original pleading, even

though such claims would have otherwise been barred by the statute of limitations at the time the

amendment was permitted.

    Rule 15(c) provides:

    **(c) Relation Back of Amendments.** An amendment of a pleading
    relates back to the date of the original pleading when ....

    (2) the claim or defense asserted in the amended pleading arose out of
    the conduct, transaction, or occurrence set forth or attempted to be set
    forth in the original pleading, or

    (3) the amendment changes the party or the naming of the party
    against whom a claim is asserted if the foregoing provision (2) is
    satisfied and ... the party to be brought in by amendment (A) has
    received such notice of the institution of the action that the party will
    not be prejudiced in maintaining a defense on the merits, and (B)
    knew or should have known that, but for a mistake concerning the
    identity of the proper party, the action would have been brought
    against the party.

Fed.R.Civ.P. 15(c).

    "While Rule 15(c) is framed in terms of an amendment that would change the party "against"

whom a claim is asserted and of the new party's ability to maintain a "defense," it is also

applicable to a proposed change of plaintiffs." *Advanced Magnetics, Inc. Supra,* 106 F.3d at 18 -

20.

Rule 17(a) provides:

    No action shall be dismissed on the ground that it is not prosecuted
    in the name of the real party in interest until a reasonable time has
    been allowed after objection for ... substitution of[ ] the real party in
    interest; *and such ... substitution shall have the same effect as if the
    action had been commenced in the name of the real party in interest.*

Fed.R.Civ.P. 17(a) (emphasis added).  *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.,*

*supra,* 106 F.3d at 20-21.

## IV.

## SUMMARY OF ARGUMENTS

This Court should grant SLMI's Motion to Vacate, Substitute and to File a Complaint for two reasons. *First*, the Court lacked subject matter jurisdiction over the original controversy. Stan Lee assigned all of his intellectual property to SLMI in October 1998. Lee's lack of standing to commence this action renders this Court's prior judgments and orders in this proceeding void; *Second*, Rules 17 and 19 of the Federal Rules of Civil Procedure require that SLMI be substituted as the real party in interest as of the commencement of this action. Because the Proposed Complaint mirrors the *Lee v Marvel* controversy, because Lee and Marvel's knowledge of the October 1998 Assignment ensures that they suffer no prejudice, because the Orders work prospectively to divert SLMI-owned funds and because a case or controversy over the ownership of the Lee Characters persists within the meaning of Article III of the U.S. Constitution over which this Court has subject matter jurisdiction and which this Court has the power to redress, this Court should grant the relief requested.

## V.

## DISCUSSION AND ARGUMENTS

### A. Lee's Lack of Ownership and Lack of Standing To Bring This Action Warrant Application of Rule 17 To Substitute or Join SLMI As A Plaintiff To Avoid Claim Forfeiture

SLMI should substitute for Lee in this matter as the real party in interest. Rule 17 of the Federal Rules of Civil Procedure requires that an action be maintained only by the real party in interest. Under Section 501(b) of the Copyright Act, only the legal or beneficial owner has standing to assert the copyright-based claims that Lee asserted in *Lee v. Marvel*. *Lee v.* Marvel was defective: since Lee was legal copyright owner, Lee lacked standing under Article III of the U.S. Constitution because he could allege no "injury in fact." *W.R. Huff Asset Management Co.*,

*LLC. v. Deloitte & Touche LLP*, 549 F.3d 100 (2d Cir. 2008).  Section 501(b) states that the court "may require the joinder, and shall permit the intervention, of any person having or claiming an interest in the copyright." 17 U.S.C. § 501(b).

The Proposed Complaint alleges that in October, 1998, Stan Lee executed a document assigning his copyrights to SLMI.  If valid, the October 1998 Assignment made SLMI the owner of Lee's copyrights and thus the "real party in interest" in *Lee v. Marvel.*  17 U.S.C. § 501; *ABKO, supra,* 944 F.2d at 980-81.   Thus, the plain language of Section 501(b) requires this Court to permit SLMI to intervene as copyright owner.

Rule 17 provides that SLMI's claims, as the real party in interest, relate back to *Lee v. Marvel's* commencement.  The Second Circuit liberally construes Rule 17 and its relation-back provisions to avoid forfeiture of claims where a plaintiff either wrongfully or mistakenly asserts a right belonging to another. *In re Adelphia Comm'ns Corp.*, 2009 WL 1490599 *(S.D.N.Y February 25, 2009)(McKenna, J.) *citing Del Re v. Prudential Lines, Inc.*, 669 F.2d 93, 96 (2d Cir. 1982) *accord Wiwa v. Royal Dutch Petroleum Co.*, 2009 WL 464946, *10, *12 (S.D.N.Y. 2009)(Wood, J.)("the bar for granting leave to join real parties is low"…."under *Advanced Magnetics*, the Court has broad discretion to grant joinder and narrow discretion to refuse it").  Relation-back amendments, even when barred by statutes of limitations are "freely" granted in this Circuit. *Advanced Magnetics, Inc., supra,* 106 F.3d at 19-20 (collecting cases).

The plain language of the October 1998 Assignment justifies substitution.  The October 1998 Assignment was disclosed in SLMI's December 31, 1999 10KSB filing with the SEC which was executed by Lee as Chairman, two SLMI Directors have sworn to it, and an email of Stan Lee dated December 16, 2000 confirms SLMI's interpretation of the scope and nature of the assignment.  This evidence is compelling.  Neither Lee nor Marvel's counsel chosen to discuss

16

or deny the October Assignment with SLMI's counsel, despite repeated requests to do so.[28]

Rule 17's purpose is to "avoid forfeitures of just claims". *Advanced Magnetics, Inc.*, *supra*, 106

F.3d at 19. Lee's position as SLMI director, officer and controlling shareholder compel the

conclusion that relation-back with respect to Lee is warranted and fair.

*Lee v. Marvel*'s claims clearly "arose under" the Copyright Act. But state law barred Lee

from commencing *Lee v. Marvel.* An assignor loses the right to sue under state law. *National*

*Financial Co. v. Uh*, 279 A.D.2d 374, 375, 720 N.Y.S.2d 17 (1st Dep't 2001); *James McKinney*

*& Son v. Lake Placid 1980 Olympic Games*, 61 N.Y.2d 836, 838 (1984). Rule 19(c) of the

Federal Rules of Civil Procedure required both Lee and Marvel to plead the identity of the real

party in interest. Both Lee and Marvel violated Rule 19 by failing to disclose SLMI as assignee

of the rights alleged in *Lee v. Marvel.*

Rule 17 requires that SLMI have a "reasonable time" to assert such claims as of the

original filing date of this action. The Proposed Complaint seeks a declaration of SLMI's rights

under the October 1998 Assignment under the caption *Stan Lee Media Inc. v. Stan Lee and*

*Marvel Entertainment LLC.* Substitution is warranted because the events alleged in the Proposed

Complaint were known to Lee and Marvel and occurred prior to November, 2002. SLMI's

validation of the October 1998 Assignment, if successful, would change the result in *Lee v.*

*Marvel*, involve the same transactions and occurrences, the same time frame, the same parties,

witnesses and evidence already presented to Judge Sweet. Since Lee and Marvel are not

prejudiced by the substitution, Rule 17, read together with Section 501(b) of the Copyright Act

require that SLMI be substituted for Stan Lee as Plaintiff. *C.f. Advanced Magnetics*, 106 F.3d at

19 ("request to make the selling shareholders the named plaintiffs on their own claims should

---

[28] *See* Certificate of Conference of Raymond J. Dowd dated July 26, 2010 (annexed hereto).

have been considered in light of Fed.R.Civ.P. 17, and the amendment should have been found to

relate back pursuant to Rule 17(a)").

**B.     This Court Should Vacate Its Prior Rulings and Reopen The Case Pursuant to Rule
         60 of the Federal Rules of Civil Procedure.**

When a district court grants a Rule 60(b) motion, it necessarily vacates the underlying

judgment and reopens the record. *Fobian v. Storage Technology Corp.,* 164 F.3d 887, 890 (4th

Cir. 1999). SLMI, the real party in interest, must be relieved from this Court's final judgment to

prosecute its claims of ownership to the Lee Characters for the following reasons:

*First*, the judgment is void because this Court lacked subject matter jurisdiction over the

controversy.  Since Lee conveyed his copyright ownership to SLMI in October 1998 in

accordance with Section 204(a) of the Copyright Act, he lacked standing under 17 U.S.C. 501(b)

to commence this action.   Lee's lack of standing to commence this action deprived this Court of

subject matter jurisdiction at the time it entered the Orders.  Accordingly, the Orders are void.

*Grace v. Bank Leumi Trust Co. of New York*, 443 F.3d 180, 188 (2d Cir. 2006); *Collins v.

Foreman*, 729 F.2d 108, 111 (2d Cir. 1994).

*Second*, Since Lee assigned his rights to SLMI, Lee and Marvel's concealment of the October

1998 Assignment, mutual misrepresentations regarding this action's "real party in interest," and

mutual mischaracterizations of the nature and effect of the November 1998 Assignment were so

substantial as to constitute a fraud on the Court. Rule 60(b) permits a court to set aside a

judgment based on a fraud on the court. *See* Fed.R.Civ.P. 60(d)(3).   Rule 19 required both Lee

and Marvel plead SLMI as the real party in interest: each failed to do so.  Rule 60(d)(3) grants

this Court the inherent power to modify its rulings to avoid a miscarriage of justice.  Vacatur is

traditionally available from judgments obtained  through false or misleading documents:

> "According to the averments of the original petition for injunction ... the
> judgments in question would not have been rendered against Mrs. Marshall
> but for the use in evidence of the letter alleged to be forged."

*U.S. v. Beggerly*, 524 U.S. 38, 47 (1998) quoting *Marshall v. Holmes*, 141 U.S. 589, 12 S.Ct. 62,

35 L.Ed. 870 (1891).

*Third*, SLMI is entitled to relief under Rule 60(b)(5) because applying the Orders

prospectively is no longer equitable.  Following the Court's declaration of Lee's rights to receive

10% of the profits of Spider-Man: The Movie, both Lee and Marvel presumably received and

continue to receive funds belonging to SLMI due to exploitation of the Lee Characters.  At the

time this Court entered the Orders, this Court was unaware of SLMI's ownership of the Lee

Characters.  In addition, SLMI was unable to assert this competing ownership claim because Lee

controlled it and had put it into bankruptcy.[29]

Notwithstanding SLMI's inability to assert its ownership claims at the time, SLMI

shareholders publicly and repeatedly sought avenues by which to protect SLMI's interests and,

ultimately, were successful in prosecuting corporate governance proceedings in Colorado that

has resulted in the Colorado Court of Appeals authorizing SLMI's new Board to act in SLMI's

best interests.  Now that SLMI's Board is empowered to assert its ownership claims, it is

inequitable to apply the Orders prospectively.

*Fourth*, SLMI is entitled to relief under Rule 60(b)(6) because the Orders were issued while

SLMI was in bankruptcy.  Lee controlled SLMI during its bankruptcy. SLMI's assets were

---

[29] As set forth in the pending Motion to Intervene and Unseal, SLMI is seeking evidence critical
to proving the nature and extent of its ownership rights.

subject to an automatic stay. Rule 60(b)(6) relief is justified where an injury results from exceptional circumstances beyond a party's control which prevented timely action to protect its interests. *See U.S. v. Alpine Land & Reservoir Co.*, 984 F.2d 1047 (9th Cir. 1993), *cert. denied*, 510 U.S. 813, 114 S.Ct. 60 (1993). This Court adjudicated Lee's claims based upon Lee's representations to Judge Sweet that he owned Lee Characters. *See* McGrath Aff., Ex. A (*Lee v. Marvel* Complaint) ¶ 14 (asserting Lee's ownership) [Docket No. 33]. The Lee Characters belonged to the SLMI bankruptcy estate and absent approval of the Bankruptcy Court, should not have been the subject of any litigation during the SLMI bankruptcy. 11 U.S.C. § 362(a); 28 U.S.C. § 1334(e)(1). During a bankruptcy, the Bankruptcy Court has exclusive jurisdiction over a debtor's property, protecting it from judgments by courts lacking jurisdiction. 28 U.S.C. § 1334(e); 11 U.S.C. § 362(a); *Securities and Exchange Commission v. Brennan*, 230 F.3d 65 (2d Cir. 2000) (voiding S.D.N.Y. judge's order issued during bankruptcy affecting debtor's assets). The Orders are void for lack of subject matter jurisdiction based on the exclusive jurisdiction of the bankruptcy court.

Neither Lee nor Marvel informed Judge Sweet of SLMI's ownership or bankruptcy. Lee's omissions provide ample grounds for Rule 60(b)(6) relief. *See, e.g., In re International Fibercom, Inc.*, 503 F.3d 933 (9th Cir. 2007) (setting aside improper contract).

## VI.

## <u>CONCLUSION</u>

For the reasons stated above, this Court should vacate the Lee Order [Docket No. 25],

vacate the "So Ordered" Stipulation of Dismissal dated April 27, 2005 [Docket No. 30],

substitute or join SLMI as the real party in interest, and direct the Clerk to permit SLMI to file

the Proposed Complaint, together with such other relief that is just and appropriate.

Dated: New York, New York
      July 26, 2010

                        Respectfully submitted,

                        _____

                        Raymond J. Dowd (RD7508)
                        Luke McGrath (LM8070)
                        Dunnington, Bartholow & Miller, LLP
                        1359 Broadway, Suite 600
                        New York, New York 10018
                        Phone:  (212) 282-8811
                        Facsimile:  (212) 661-7769
                        *Attorneys for Real Party In Interest SLMI*

## CERTIFICATE OF CONFERENCE

The undersigned affirms under penalty of perjury pursuant to 28 U.S.C. § 1746 that

SLMI communicated with counsel of record for Stan Lee and Marvel Enterprises, Inc., by letter

dated July 16, 2010 and requested that they provide evidence negating the contention that Stan

Lee assigned his intellectual property rights to SLMI in October 1998 and evidence negating the

contention that Marvel knew about the October 1998 Assignment.  Pursuant to follow up

telephone calls, counsel for Marvel Enterprises, Inc., David Fleischer of Haynes and Boone

declined to provide any information or consent to any relief.  Proposed counsel for Stan Lee,

Stephen J. Shore of Ganfer & Shore declined to confer absent the fulfillment of unacceptable

preconditions and failed to provide any responsive information.  Counsel for Stan Lee, Howard

Graff of Dickstein Shapiro LLP, referred me to Stephen J. Shore for responses to all inquiries.

I affirm under penalty of perjury that the foregoing is true and correct.


_____

Raymond J. Dowd