UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

STAN LEE,

                   Plaintiff,            02 Civ. 8945

   -against-                         OPINION

MARVEL ENTERPRISES, INC. and
MARVEL CHARACTERS, INC.,

                  Defendants.

------------------------------------------X

A P P E A R A N C E S:

        Attorneys for Plaintiff
        Stan Lee

        GANFER & SHORE, LLP
        360 Lexington Avenue
        New York, NY  10017
        By:  Steven J. Shore, Esq.
             Ira Brad Matetsky, Esq.
             William Andrew Jaskola, Esq.

        Attorneys for Defendant
        Marvel Entertainment, LLC

        HAYNES AND BOONE, LLP
        1221 Avenue of the Americas, 26th Floor
        New York, NY  10020
        By:  David Fleischer, Esq.
             Sarah Jacobson, Esq.

        PAUL, HASTINGS, JANOFSKY & WALKER, LLP
        75 East 55th Street
        New York, NY  10022
        By:  Jodi Aileen Kleinick, Esq.

Attorneys for Intervenor
Stan Lee Media, Inc.

DUNNINGTON, BARTHOLOW & MILLER, LLP
1359 Broadway
New York, NY 10018
By:  Raymond James Dowd, Esq.
     Luke McGrath, Esq.

**Sweet, D.J.**


Stan Lee Media, Inc. ("SLMI") has moved presumably under Federal Rules of Civil Procedure 60(b) and 60(d)(3) to vacate the order of dismissal of April 27, 2005 (the "April 27 Order"), pursuant to Federal Rules of Civil Procedure 17 and 19 to intervene and to substitute SLMI for the plaintiff Stan Lee ("Lee" or the "Plaintiff"), pursuant to Rule 15, for leave to file an amended complaint dating back to November 12, 2002, the date Lee filed his complaint, and pursuant to Federal Rule of Civil Procedure 24 to intervene in order to vacate the Court's 2004 order sealing certain documents.  From the conclusions set forth below, the motions are denied.


These motions constitute an effort to reverse certain results of agreements and litigation reaching back to before 1998 involving Lee and his relations with the defendants Marvel Enterprises, Inc. and Marvel Characters, Inc. ("Marvel" or the "Defendant") which resulted in highly successful Marvel comic book characters such as Spider-Man, The Fantastic Four, The Incredible Hulk, X-Men, Daredevil, Silver Surfer, Iron Man and others (the "Characters"), including three certain actions in this court, the instant action, <u>Stan Lee Media, Inc. v. Marvel</u>

1

<u>Entertainment, Inc.</u>, 07 Civ. 2238 (PAC) and <u>Abadin et al. v.</u>
<u>Marvel Entertainment, Inc.</u>, 09 Civ. 0715 (PAC).  These parties
have also litigated actions in the United States District Court
for the Central District of California, the Bankruptcy Court of
the Southern District of New York and the Colorado state courts.
Because of the success of the Characters and the conflicting
claims concerning their rights, it has been difficult to achieve
finality.  The resolution which follows is one such effort.

**The Parties**

Lee is a veteran comic book writer and editor who
created or co-created many of America's best known comic book
characters.  For decades, Lee was employed by Marvel and its
predecessors.  In 1998, after Marvel terminated Lee's prior
employment agreement, Lee began to work for a new company, Stan
Lee Enterprises ("SLE"), the alleged predecessor to SLMI.  The
SLE/Lee Employment Agreement, however, recognized that Lee would
be spending 10 to 15 hours per week working for Marvel pursuant
to an agreement between Lee and Marvel.  In January 2001, Lee
terminated the SLE/Lee Employment Agreement based on SLMI's
material breaches, including SLMI's failure to pay his salary.

2

Marvel, currently Marvel Entertainment, LLC, successor by merger of Marvel Entertainment, Inc., which is formerly known as Marvel Enterprises, Inc., is a publisher of comic books and holder of rights with respect to the Characters.

## Prior Proceedings

The complaint in this action was filed by Lee on November 12, 2002 and sought damages, declaratory relief, specific performance and an accounting arising from Marvel's alleged breach of paragraph 4(f) of the Marvel/Lee Employment Agreement entered into in November 1, 1998. After extensive discovery, both parties filed motions for partial summary judgment.

An opinion and order dated January 17, 2005 (the "January 17 Order") granted in part and denied in part each of the parties' summary judgment motions. The parties thereafter agreed to the terms of a settlement and on or about April 27, 2005 a stipulation and order dismissing with prejudice all claims asserted in the action was entered (the "April 27 Order"). Stan Lee v. Marvel Enterprises, Inc., 386 F. Supp.2d 235 (S.D.N.Y. 2005).

3

The instant motions by SLMI were heard on October 6, 2010.

**SLMI**

SLMI was an internet-based publicly held production and marketing company cofounded in or about July 1999 by Lee and Peter F. Paul ("Paul"), a thrice convicted felon currently serving a 10-year prison term for manipulating the publicly traded stock of SLMI before its collapse in early 2001.   On February 16, 2001, SLMI and its wholly-owned subsidiary filed Chapter 11 bankruptcy petitions in the United States Bankruptcy Court for the Central District of California.   In August 2002, SLM-CO was administratively dissolved by the Colorado Secretary of State.   The jointly administered bankruptcy cases were dismissed (for failure to pay U.S. Trustee fees).

In November and December 2006, several associates of Paul, including Christopher Belland ("Belland"), purported to hold SLMI shareholder meetings and elect a board of directors and adopted resolutions, inter alia, authorizing the recapitalization of SLMI by means of a 100 to 1 reverse split,

4

authorizing the issuance of 6,000,000 shares of new common stock
plus 6,000,000 warrants or options.  The newly authorized shares
were issued to members of the board, Paul's mother and Belland.
The latter issuances represented 96.6% of all post-split shares
of SLMI outstanding and purported to dilute the shareholdings of
all other previous shareholders of SLMI to less than a 3.4%
stake in the company.

    Belland petitioned the Colorado District Court to
order an annual meeting of SLMI shareholders to elect a board
and to reinstatement the corporation.  The Colorado District
Court appointed a special master, Cathy Krendl (the "Special
Master"), to oversee the SLMI meeting, held on December 20,
2007.  On June 27, 2008 the Colorado District Court granted
Lee's motion for an order removing the board based on its
members' past misconduct.  Fleisher Decl. Ex. 22 (Lee motion to
bar directors); Fleisher Decl. Ex. 23 (order dated June 27,
2008).

    On or about September 3, 2008, P.F.P. Family Holdings,
L.P. ("Paul Holdings"), one of Paul's affiliates named in his
indictment, petitioned the Colorado District Court to direct the
holding of a special meeting of SLMI shareholders to elect a

5

board of directors and vote upon the reinstatement of SLMI.   A
shareholders' meeting was held on December 15, 2008 under the
supervision of the Colorado District Court and the Special
Master.   On February 9, 2009 the Special Master issued a report
concluding that an insufficient number of shares were present at
the meeting to establish a quorum and, as a result, no directors
were elected and the corporation was not reinstated.   The
Colorado District Court adopted the Special Master's report.

Paul Holdings appealed and on May 27, 2010, the
Colorado Court of Appeals issued an order reversing the Colorado
District Court's decision.  P.F.P. Family Holdings, L.P. v. Stan
Lee Media, Inc., No. 09 CA 899, 2010 WL 2105869 (Colo. App. May
27, 2010).   On October 18, 2010, the Supreme Court denied Lee's
petition for certiorari.  Stan Lee Media, Inc. v. P.F.P. Family
Holdings, L.P., No. 10 SC 451, 2010 WL 4159672 (Colo. Oct. 18,
2010).

**Related Litigation**

On March 15, 2007, SLMI commenced an action against
Marvel in this Court entitled Stan Lee Media, Inc. v. Marvel
Entertainment, Inc., 07 Civ. 2238 (PAC).   SLMI's complaint
alleged that in the SLE/Lee Employment Agreement, Lee assigned

6

to SLMI the rights to the Characters.  SLMI was represented by King & Spalding LLC.  The action was assigned to the Honorable Paul A. Crotty.  Discovery proceeded between SLMI and Marvel, including Marvel's production to SLMI of all the documents that SLMI is seeking to unseal in its motion to intervene.  After 2008, the Colorado court granted a motion to remove three members of SLMI's board of directors on June 27, 2008, described above, SLMI's counsel obtained leave to withdraw, and SLMI failed to engage a successor.  On September 9, 2008, Judge Crotty dismissed SLMI's action against Marvel without prejudice.

On January 26, 2009, four alleged shareholders of SLMI, José Abadin ("Abadin"), Nelson Thall ("Thall"), John Petrovitz ("Petrovitz"), and Belland, filed a shareholder derivative suit in this Court on behalf of SLMI, Abadin v. Marvel Entertainment, Inc., 09 Civ. 715 (PAC) (the "Abadin Action").  The defendants were Marvel and several of its affiliates and officers, Lee, Lee's wife and daughter, and Arthur M. Lieberman (Lee's attorney).

In April 2009, the plaintiffs in the Abadin Action filed an Amended Complaint dropping as plaintiffs Thall and Petrovitz, leaving Abadin and Belland as the named

7

representatives for SLMI's shareholders and dropping as
defendants Lee's wife and daughter.

The Amended Complaint alleged that pursuant to the
SLI/Lee Employment Agreement, SLMI owns the intellectual
property rights to dozens of Marvel comic book characters that
Lee created or co-created and asserted eight claims for relief
including trademark and copyright infringement, breach of
fiduciary duty, and breach of contract.  Defendants moved to
dismiss all claims.

On March 31, 2010, Judge Crotty issued an order
reiterating his denial of Plaintiffs' request for leave to file
the Second Amended Complaint and granting Lee's and Marvel's
motions to dismiss the Amended Complaint.  Abadin v. Marvel
Entertainment, Inc., No. 09 Civ. 715, 2010 WL 1257519 (S.D.N.Y.
March 31, 2010).  With respect to the request for leave to
further amend, Judge Crotty stated:

> The Court recognizes that leave [to amend] should be
> "freely" given, but only "when justice so requires."
> Here, allowing leave to replead, would work a manifest
> injustice.
>
> The transaction [underlying Abadin's claims] is now
> more than a decade old.  Plaintiffs have been
> attempting to initiate the proceeding in this Court
> now for more than three years; in Colorado Supreme
> Court for more than half a decade; for three years in

the U.S. District Court for the Central District of
California; and in a bankruptcy proceeding involving
SLMI, which began in February, 2001 and continued to
December, 2006.  There has also been class action
litigation in the Central District of California
involving these same parties, as well as a settlement
thereof.  Moreover, one of the princip[al] instigators
of litigation involving SLMI is a convicted felon who
manipulated SLMI's stock.  Finally, the proposed
amended pleading is the fourth such pleading dealing
with SLMI's allegations against Marvel and Lee here in
the Southern District.

* * *

Given the pleading history here in this District, the
Colorado State Court proceedings, the three companion
actions in the Central District of California, the
class action suit and settlement, and a 5 year
bankruptcy case, it is now time to call a halt.

Id. at *4 (footnote omitted).


Judge Crotty held that the named derivative

shareholders were not SLMI shareholders at the time of the

relevant underlying events and therefore lacked standing to sue

derivatively under Fed. R. Civ. P. 23.1 and Colorado law, and

that insofar as plaintiffs were asserting claims against Lee,

such claims were previously released by all SLMI shareholders in

the 2002 settlement of a federal securities class action.  Id.

at *5.

9

Judge Crotty then dismissed each of Plaintiffs' eight claims for relief in the Amended Complaint on grounds specific to each claim.

- Count I of the Complaint asserted a claim for copyright infringement, based on the allegation that Lee had assigned his ownership of comic book characters to SLMI in the SLE/Lee Employment Agreement of 1998. The Court held, inter alia, that SLMI's copyright claim was time-barred and was barred under the doctrines of laches and estoppel. In reaching this conclusion, Judge Crotty observed that Lee had repudiated the SLE/Lee Employment Agreement in January 2001 and that any objection SLMI might assert to the termination was long since time-barred. He also found that "Lee has been using his own characters since at least 1999. Plaintiffs cannot wait a decade to enforce their rights." Id. at *6.

- Count II asserted a Lanham Act claim against Lee and Marvel. This too was dismissed as time-barred, because Defendants' alleged violations of SLMI's rights had continued, openly and notoriously, since October or November 1998 and the applicable statute of limitations is six years. Id.

10

- Count III asserted that Lee had breached the SLE/Lee Employment Agreement.  The statute of limitations on this claim began to run in January 2001, when Lee gave notice that he was terminating the agreement, and had expired long before this action was filed in 2009.  Id.

- Count IV asserted a tortious interference claim against Marvel and Lieberman.  The Court dismissed this claim as insufficiently pleaded and implausible, as well as time-barred.  Id.

- Count V asserted a claim for breach of fiduciary duty. This claim was dismissed as being improperly duplicative of Plaintiffs' other claims, internally inconsistent, and time-barred.  Id. at *7.

- Count VI asserted a claim for aiding and abetting breach of fiduciary duty against Marvel and Lieberman.  Its "allegations [were] wholly conclusory", implausible, and insufficient.  The three-year statute of limitations had long since expired.  Id.

- Counts VII and VIII sought to impose a constructive trust and require an accounting.  Because all the substantive counts were being dismissed for various reasons including the statutes of limitations, there was no basis for granting either of these remedies.  Id.

11

With respect to all claims, Judge Crotty rejected the plaintiffs' contention that the applicable statutes of limitations should be tolled, observing that the plaintiffs were seeking "to obliterate the statute of limitations." Id. at *6 n. 5.  In this regard, Judge Crotty further observed:

> As all of the Complaints make clear . . ., Lee's and
> Marvel's alleged conduct was neither secret nor
> clandestine, but rather open and notorious. . . .
> There is no reason to toll the statute of limitations
> on any of the Counts asserted in the Complaint.
> Further, there is every reason to apply the
> doctrine[s] of laches and estoppel to Plaintiffs'
> claims; they have waited too long and it is now time
> to bring this matter to a close.  Id.

The Abadin plaintiffs appealed the dismissal of their action to the Court of Appeals.  The appeal was dismissed on their failure to prosecute the appeal.  Abadin v. Marvel Entertainment, Inc., No. 10-1717 (2d Cir. Dec. 29, 2010).

In April 2009, Abadin filed a second federal derivative suit against Lee in the Central District of California, captioned Abadin v. Lee, and reasserted many of the same claims that he was simultaneously pursuing against Lee in this court.  Another action, SLMI v. Lee, also brought in the

12

Central District of California, has been stayed by order of
Judge Wilson.


**The Motion To Vacate The April 27 Order Is Denied**


SLMI has contended that the orders issued in the
present case, the January 17 Order and the April 27 Order,
should be vacated pursuant to Fed. R. Civ. P. 60, asserting that
(1) the orders are void under Rule 60(b)(4) (SLMI Mem. at 18);
(2) that the orders should be set aside under either Rule
60(b)(3) or (d)(3)[1] because they were the product of a fraud on
the court (SLMI Mem. at 18-19); (3) that applying the Orders
prospectively would be inequitable under Rule 60(b)(5) (SLMI
Mem. at 19); and (4) that the Orders were issued while SLMI was
in bankruptcy under Rule 60(b)(6) (SLMI Mem. at 19-20).


"Motions for relief under Rule 60(b) are disfavored,
and are reserved for exceptional cases." Canale v. Manco Power
Sports, LLC, No. 06 Civ. 6131, 2010 U.S. Dist. LEXIS 69652, at
*6 (S.D.N.Y. July 13, 2010); see also Hoffenberg v. United

---

[1]     SLMI's papers are unclear as to whether SLMI intends to rely on Rule
60(b)(3) or Rule 60 (d)(3): "Rule 60(b) permits a court to set aside a
judgment based on fraud on the court. See Fed. R. Civ. P. 60(d)(3)."  SLMI
Mem. at 18.

13

States, No. 00 Civ. 1686, 2010 U.S. Dist. LEXIS 40495, at *11

(S.D.N.Y. Apr. 26, 2010) ("Relief under Rule 60(b) is only

warranted if the [party] presents 'highly convincing' evidence

that demonstrates 'extraordinary circumstances' justifying

relief.") (citation omitted).  As a non-party, SLMI must

demonstrate "extraordinary circumstances" justifying Rule 60(b)

relief.  Federman v. Artzt, 339 Fed. Appx. 31, 33-34 (2d Cir.

2009) (affirming denial of Rule 60(b) motion and "declin[ing] to

expand the narrow exception to the general rule that non-parties

cannot bring Rule 60(b) motions" absent extraordinary

circumstances); see also In re Brittania Bulk Holdings, Inc.

Sec. Litig., No. 08 Civ. 9554, 2010 U.S. Dist. LEXIS 11254, at

*6-8 (S.D.N.Y. Feb. 9, 2010) ("the general principle remains

that non-parties may not obtain relief from judgment" pursuant

to Rule 60).

SLMI does not qualify for relief pursuant to Rule

60(b)(4), which governs situations where "the judgment is void,"

because this Court properly exercised federal subject matter

jurisdiction over the private dispute between Lee and Marvel

until the parties voluntarily resolved their dispute and

stipulated to dismiss their claims with prejudice.  "[A]

judgment may be declared void for want or jurisdiction only when

14

the court 'plainly usurped jurisdiction,' or, put somewhat
differently, when 'there is a total want of jurisdiction and no
arguable basis on which it could have rested a finding that it
had jurisdiction.'" Cent. Vermont Pub. Serv. Corp. v. Herbert,
341 F.3d 186, 190 (2d Cir. 2003), quoting Nemaizer v. Baker, 793
F.2d 58, 65 (2d Cir. 1986).


        SLMI has contended that it, rather than Lee, was the
real party in interest and, as such, the court lacked subject
matter jurisdiction.  However, there is no evidence that SLMI
was the real party in interest with respect to Lee's claim for
compensation under the Marvel/Lee Employment Agreement.  There
is no language in the SLE/Lee Employment Agreement granting SLMI
any rights to Lee's salary, profit participation or other
compensation from Marvel.  The court had subject matter
jurisdiction over Lee's claims against Marvel pursuant to 18
U.S.C. § 1332, and SLMI does not appear to contend otherwise.


        Furthermore, a claim for Rule 60(b)(4) relief must
have been brought within a "reasonable time."  See Fed. R. Civ.
P. 60(c)(1) ("A motion under Rule 60(b) must be made within a
reasonable time").  The most recent of the Orders was entered
more than five years before SLMI filed its present motion.  Much

15

shorter delays have been held to be unreasonable.  See, e.g., Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) ("Kellogg's motion was made twenty-six months after the entry of the final judgment, a period of time which constitutes a patently unreasonable delay absent mitigating circumstances."); Sonhouse v. Nynex Corp., No. 00-7236, 2000 U.S. App. LEXIS 22669, at *2 (2d Cir. Sept. 5, 2000) (upholding district court finding that Rule 60(b) motion filed three years after entry of judgment was untimely); Graham v. Sullivan, No. 86 Civ. 163, 2002 U.S. Dist. LEXIS 9006, at *3-4 (S.D.N.Y. May 10, 2002) (holding that sixteen-month delay in bringing Rule 60(b) motion was unreasonable).  In the Abadin Action, those purporting to act on behalf of SLMI sought to excuse the delay in asserting claims because SLMI was subject to the control of the bankruptcy court from February 2001 through December 2006.  However, the derivative plaintiffs were free to petition the bankruptcy court to require the debtor to pursue such claims or to allow those plaintiffs to prosecute the claims as SLMI's authorized representatives.  See In re Adelphia Communications Corp., 544 F.3d 420, 423-24 (2d Cir. 2008) (upholding district court's conferral of derivative standing to litigation trust to allow for pursuit of bankruptcy debtor's claims); In re BH S&B Holdings LLC, 420 BR 112, 152 (S.D.N.Y. 2009) (upholding

16

authority of court to authorize interested parties to bring derivative suit on behalf of debtor); In re Copperfield Investments, LLC, 421 B.R. 604, 609 (noting ability of creditors and equity holders of a debtor to bring derivative suit). Further as Judge Crotty has held, Lee cancelled the October 1998 agreement in 2001 and the California statute of limitations has run, barring the SLMI claim.  Abadin, 2010 WL 1257519, at *6-7. There are no "mitigating circumstances" presented to justify SLMI's five-year delay in seeking reconsideration of the Orders. SLMI's delay is not reasonable under Rule 60(c)(1).

Insofar as SLMI seeks relief pursuant to Fed. R. Civ. P. 60(b)(3), its motion is time-barred.  Fed. R. Civ. P. 60(b)(3) motions must be made within one year after the entry of the judgment.  Fed. R. Civ. P. 60(c)(1); see Hoffenberg, 2010 U.S. Dist. LEXIS 40495, at *13 (holding 60(b)(3) motion was time-barred where more than one year elapsed since the entry of judgment); Freasier v. Mulderig, No. 87 Civ. 6327, 2008 U.S. Dist. LEXIS 102008, at *10 (S.D.N.Y. Dec. 15, 2008) (same); Satterfield v. Pfizer, Inc., Nos. 04 Civ. 3872, 98 Civ. 8040, 2005 U.S. Dist. LEXIS 14923, at *27 (S.D.N.Y. July 18, 2005) (same).  Each of Orders SLMI seeks to vacate was entered more than five years before SLMI's motion was filed on July 26, 2010.

17

Further, SLMI was not a party to this action, and Rule 60(b)(3)
deals with "fraud, . . . misrepresentation, or misconduct by an
opposing party." Fed. R. Civ. P. 60(b)(3).

Insofar as SLMI has asserted Rule 60(d)(3)'s fraud on
the court ground for relief, that fraud has not been
established. There is no evidence that the January 17 Order
dealt with any of the rights which could have been the subject
of the 1998 Lee/SLMI assignment. "The standard to prove 'fraud
on the court' is extremely high, and relief under Rule 60(d) is
'narrower in scope than that which is sufficient for relief by
timely motion under [Rule] 60(b)(3).'" Aneja v. M.A.
Angeliades, Inc., No. 05 Civ. 9678, 2010 U.S. Dist. LEXIS 3035,
at *5 (S.D.N.Y. Jan. 12, 2010), quoting Gleason v. Jandrucko,
860 F.2d 556, 558 (2d Cir. 1988). "Unlike fraud under Rule
60(b)(3), 'fraud on the court' is limited to 'fraud that
seriously affects the integrity of the normal process of
adjudication.'" Id. at *5, quoting Gleason, 860 F.2d at 559;
see also Thornton v. U.S., No. 06 Civ. 1252, 2009 U.S. Dist.
LEXIS 79010, at *7 (S.D.N.Y. Sept. 3, 2009) (same). "'Fraud
upon the court embraces only that species of fraud which does or
attempts to, defile the court itself, or is a fraud perpetrated
by officers of the court so that the judicial machinery cannot

18

perform in the usual manner its impartial task of adjudging cases.'" Thornton, 2009 U.S. Dist. LEXIS 79010, at *7-8, quoting King v. First Am. Investigations, Inc., 287 F.3d 91, 95 (2d Cir. 2002); see also Manti's Transp., Inc. v. Citicapital Commer. Corp., No. 06 Civ. 1699, 2008 U.S. Dist. LEXIS 29074, at *23-24 (E.D.N.Y. Apr. 9, 2008) (same).   In order to succeed on a Rule 60(d) motion, "[f]raud upon the court must be established by clear and convincing evidence." Thornton, 2009 U.S. Dist. LEXIS 79010, at *8, quoting King, 287 F.3d at 95; Manti's Transp., 2008 U.S. Dist. LEXIS 29074, at *23-24 (same).

The alleged concealment by Lee and Marvel of the existence of the SLE/Lee Employment Agreement, their alleged mutual misrepresentations regarding the action's "real party in interest," and their mutual mischaracterization of the nature and effect of the Marvel/Lee Employment Agreement have not been established.   The SLE/Lee Employment Agreement did not relate to the claims being asserted by Lee against Marvel.   Furthermore, SLMI has not established that it was the real party in interest with respect to the claims asserted by Lee against Marvel because the SLE/Lee Employment Agreement had been cancelled prior to the initiation of this action.   The Marvel/Lee Employment Agreement was before the court in connection with the

19

parties' summary judgment motions, and SLMI's papers do not identify any alleged mischaracterization of the nature or effect of that agreement by either Lee or Marvel.

Conclusory allegations cannot support a claim of fraud on the court under Rule 60(d), and as such this aspect of SLMI's motion must be denied. See, e.g., Aneja, 2010 U.S. Dist. LEXIS 3035, at *11 (denying relief under Rule 60(d) where plaintiff failed to set forth facts suggesting fraud upon the court); Thornton, 2009 U.S. Dist. LEXIS 79010, at *9-11 (same); Manti's Transp., 2008 U.S. Dist. LEXIS 29074, at *22-28 (same).

SLMI has also cited Rule 60(b)(5) alleging that "applying the orders is no longer equitable." SLMI Mem. at 19. It is alleged but not established, that Lee settled his claim in the present action for a percentage of Marvel's profits derived from Lee's alleged ownership of a copyright interest in characters he had created for Marvel. However, Paragraph 4(f) of the Marvel/Lee Employment Agreement, which was at the heart of Lee's claims in this action, did not depend on any alleged copyright interest of Lee in any of Marvel's characters, and the profit participation was not limited to profits derived from the exploitation by Marvel of characters Lee helped to create. By

20

its terms Paragraph 4(f) extended to profits derived from the
television or movie exploitation of any Marvel character.  Even
if Lee had a copyright interest in any of Marvel's characters,
which he has not claimed nor has been established, and even if
Lee had assigned such interest to SLMI, which has not been
established, SLMI would not thereby have acquired an interest in
Lee's profit participation any more than it would have acquired
an interest in Lee's regular annual compensation.  SLMI has
failed to establish that the disposition of Lee's claims in this
action had any effect on SLMI, no less an inequitable effect.

A party may move for relief pursuant to Rule 60(b)(5)
"if changed circumstances make it no longer equitable that the
judgment should have prospective application."  Project
Strategies Corp. v. Nat'l Commc'ns. Corp., No. 94 Civ. 4925,
1995 U.S. Dist. LEXIS 21066, at *4-5 (E.D.N.Y. Oct. 27, 1995).
Rule 60(b)(5) relief often arises in the context of
"institutional reform litigation," in which prospective reforms
embodied in judgments are reviewed for inequitable application
because of changed circumstances.  See, e.g., Horne v. Flores,
129 S. Ct. 2579, 2593 (2009) (noting that injunctions tend
remain in force for long periods of time in such cases,
warranting reexamination).  No authority has been cited where

21

the Rule has been applied where a private litigant seeks to unwind a settlement agreement entered into between two other parties.  Because there are no "changed circumstances of the kind which are contemplated by the Rule," SLMI is not entitled to relief Under Rule 60(b)(5).  Hallmark Cards, Inc. v. JTK Corp., No. 88 Civ. 3890, 1992 U.S. Dist. LEXIS 7704, at *5 (E.D.N.Y. May 20, 1992) (denying Rule 60(b)(5) relief where "there exists no change of circumstances sufficient to justify relief from the []judgment.")

Further, discretionary relief sought under Rule 60(b)(5) is equitable in nature and a consideration should be given as to whether the moving party has acted equitably or suffers from unclean hands.  Motorola Credit Corp. v. Uzan, 561 F.3d 123, 128-29 (2d Cir. 2009) (taking into consideration the fact that party acted with unclean hands in denying Rule 60 relief); see also Sony Corp. v. S.W.I. Trading, Inc., 104 F.R.D. 535, 541 (S.D.N.Y. 1985) (same); 12 James Wm. Moore et al., Moore's Federal Practice § 60.22[5] (3d ed. 2008) ("The relief provided by Rule 60(b) is equitable in nature and, in exercising its discretion under Rule 60(b), a court may always consider whether the moving party has acted equitably.").

The pattern of litigation undertaken by the purported
"real parties in interest," described above, and the timing of
these proceedings indicate that the purpose of this application
to vacate the Orders in this action and to substitute SLMI as a
plaintiff and realign Lee as a defendant is to assert a new
claim relating back to the initiation of this action in order to
avoid Judge Crotty's ruling that this new claim is time-barred.
That purpose does not invoke equity or establish clean hands.

SLMI also has sought relief under Fed. R. Civ. P.
60(b)(6) because it was in bankruptcy when the Orders were
issued.  However, Rule 60(b)(6) grants federal courts authority
to relieve a party from final judgment provided that a motion
"is not premised on one of the grounds for relief enumerated in
clauses (b)(1) through (b)(5)."  Warren v. Napoli, No. 05 Civ.
8438, 2010 U.S. Dist. LEXIS 77594, at *11 n. 3 (S.D.N.Y. Aug. 2,
2010), quoting Aczel v. Labonia, 584 F.3d 52, 69 (2d Cir. 2009);
see also Stefanopolous v. City of New York, No. 01 Civ. 771,
2007 U.S. Dist. LEXIS 3324, at *7-8 (E.D.N.Y. Jan. 17, 2007)
(acknowledging that Rule 60(b)(6) relief "is reserved for
grounds for consideration which are not already recognized in
the first five subsections of Rule 60(b).");  Scherer v. City of
New York, No. 03 Civ. 8445, 2007 U.S. Dist. LEXIS 68139, at *10

23

(S.D.N.Y. Sept. 7, 2007) ("A party may not depend on the broad
'any other reason' provision of Rule 60(b)(6) where the basis
for the Rule 60(b) motion may be construed under any other
clause of Rule 60(b)."). Since SLMI has not articulated any
ground for relief other than those arising under Rule 60(b)(3),
(4) or (5), relief under Rule 60(b)(6) relief is unavailable.

Even if SLMI could seek relief pursuant to Rule
60(b)(6), it has set forth neither the "extraordinary
circumstances" nor the "extreme and undue hardship" required to
prevail under such a motion. Canale, 2010 U.S. Dist. LEXIS
69652, at *14. As SLMI's own case law acknowledges, "Rule
60(b)(6) has been used sparingly as an equitable remedy to
prevent manifest injustice. The rule is to be utilized only
where extraordinary circumstances prevented a party from taking
timely action to prevent or correct an erroneous judgment."
U.S. v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th
Cir. 1993), cert. denied, 510 U.S. 813 (1993) (reversing grant
of 60(b)(6) relief where party failed to demonstrate
extraordinary circumstances). In order to qualify for such
relief, a party must set forth "highly convincing material" in
support of its motion. In re Evergreen Mut. Funds Fee Litig.,
240 F.R.D. 115, 119 (S.D.N.Y. 2008) (Rule 60(b)(6) relief denied

24

where movants' "blanket assertions of extraordinary circumstances and undue hardship [we]re insufficient to support consideration under [Rule 60(b)(6)]."), quoting D'Angelo v. State Farm Fire & Cas. Co., 32 Fed. App'x 604, 605 (2d Cir.2002); see also D'Angelo, 32 Fed. App'x at 605 ("Material offered in support of a motion to vacate under Rule 60(b)(6) must be highly convincing material."). SLMI has not made the necessary showing of extraordinary circumstances under Rule 60(b)(6) to warrant relief.

**The Motion To Intervene, To Substitute As Plaintiff And To File An Amended Complaint Is Denied**

SLMI erroneously contends that the joinder of SLMI in this action was required pursuant to Fed. R. Civ. P. 19(a). Rule 19(a) defines those parties who are "necessary" to an action. Fair Hous. in Huntington Comm. v. Town of Huntington, No. 02 Civ. 2787, 2010 U.S. Dist. LEXIS 68233, at *25 (E.D.N.Y. July 8, 2010), quoting Jonesfilm v. Lion Gate Int'l, 299 F.3d 134, 139 (2d Cir. 2002). A party is necessary under Rule 19(a) either if, in that party's absence, "the court cannot accord complete relief among existing parties," or if a party would not be able to protect its interests if absent from the litigation. Fed. R. Civ. P. 19(a)(1)(A), (B) (emphasis added); Fair. Hous.,

2010 U.S. Dist. LEXIS 68233, at *26.  SLMI has argued that it
was a necessary party in this action because it claimed an
interest in Lee's copyright.

However, Lee's complaint in this action established
that claims were for compensation due under the Marvel/Lee
Employment Agreement.  No claim was presented with respect to
Lee or Marvel's copyright interests.  Lee and Marvel resolved a
private dispute resulting in complete relief between the parties
and the judgment entered had no effect on any rights now being
asserted by SLMI.  See, e.g., Fair Hous., 2010 U.S. Dist. LEXIS
68233, at *27, *29-30 (holding non-parties were not "necessary"
parties under Rule 19 where complete relief could be accorded
without non-parties present); Cont'l Cas. Co. v. Am. Home
Assurance Co., No. 05 Civ. 7874, 2008 U.S. Dist. LEXIS 30106, at
*7, *10-11 (S.D.N.Y. Apr. 14, 2008).

SLMI's application to substitute as a "real party in
interest" pursuant to Rule 17(a) fares no better than its
application under Rule 19(a).  Substitution of a plaintiff
pursuant to Rule 17(a) should be granted only where the
substitution is "merely formal and in no way alters the original
complaint's factual allegations as to the events or the

26

participants." Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 20 (2d Cir. 1997). SLMI's reliance on Advanced Magnetics is misplaced because the court was applying Rule 17(a) where the "proposed amended complaint submitted to the court . . . was, except for naming the selling shareholders as the plaintiffs on their own claims, virtually identical to the original complaint." Id. at 20. The substitution of plaintiffs was merely formal in nature.

Here, SLMI's proposed amended complaint seeks not only to materially alter the factual allegations and present new claims not at issue in the original complaint, but also to force the substituted party, Lee, to the defendant's side of the caption and assert new claims against him. Such an application of Rule 17(a) is without authority. On its face SLMI's proposed amended complaint presents different claims than the claims litigated between Lee and Marvel in this action, and as such it is not a candidate for Rule 17(a) treatment. See, e.g., Espinosa v. Delgado Travel Agency, Inc., No. 05 Civ. 6917, 2006 U.S. Dist. LEXIS 71085, at *14-15 (S.D.N.Y. Sept. 27, 2006) (motion to amend complaint and add plaintiffs denied where amended pleading sought to "alter[] the original complaint's factual allegations as to both events and participants.")

27

(emphasis in original); Land Mine Enters., Inc. v. Sylvester Builders, Inc., 74 F. Supp. 2d 401, 406 (S.D.N.Y. 1999) ("Land Mine's reliance upon Rule 17(a) is misplaced, for Land Mine seeks not only to change the formal designation of the plaintiff in the complaint but also to amend the complaint to add new factual allegations about events and participants never mentioned in the complaint."); Engines Southwest, Inc. v. Kohler Co., No. 03 Civ. 1460, 2006 U.S. Dist. LEXIS 46085, at *12 (W.D. La. July 7, 2006) (denying Rule 17(a) relief where "the substitution sought in this case is not merely a formal name changes seeking to make a technical correction in the name of a corporation.  The substitution also alters the original complaint's factual allegations as to the participants . . .").

As discussed above in view of Judge Crotty's determinations, it can well be inferred that the motion to substitute is an effort to avoid the statute of limitations holding by relating the proposed amended complaint back to 2002. However, SLMI's proposed "amended" complaint could not relate back to the filing of Lee's original complaint pursuant to Fed. R. Civ. P. 15(c).

28

Rule 15(c) governs when an amended pleading "relates back" to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations:

> (1)  An amendment to a pleading relates back to the date of the original pleading when:
>
>       . . .
>
>       (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>           (i)   received such notice of the action that it will not be prejudiced in defending on the merits; and
>           (ii)  knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).  On its face, Rule 15(c) addresses only the addition of new defendants.  The Second Circuit has held, however, that although Rule 15(c) "is framed in terms of an amendment that would change the party 'against' whom the claim is asserted and of the new party's ability to maintain a 'defense,' it is also applicable to a proposed change of plaintiffs."  Espinosa, 2006 U.S. Dist. LEXIS 71085, at *8, quoting Advanced Magnetics, 106 F.3d at 19.

29

While "[a]ll courts agree that the notice and
prejudice prongs apply, . . . there is disagreement concerning
whether the failure originally to name the newly added plaintiff
must have been the result of mistake within the meaning of Rule
15(c)(1)(c)." S. African Apartheid Litig. v. Daimler AG, 617 F.
Supp. 2d 228, 290 (S.D.N.Y. 2009). Compare Levy v. U.S. Gen.
Accounting Office, Nos. 97 Civ. 4016, 97 Civ. 4488, 1998 U.S.
Dist. LEXIS 5567, at *14-15 (S.D.N.Y. Apr. 20, 1998) (in order
for an amendment adding a new plaintiff to relate back to the
original complaint, a party must show: "1) the new plaintiff's
claims arise out of the same transaction or occurrence advanced
in the original pleading; 2) the defendant received adequate
notice of the new plaintiff's claims so as not to be prejudiced
in maintaining a defense on the merits; and 3) the defendant
knew or should have known that, but for a mistake concerning the
new plaintiff's identity, the action would have been brought on
that party's behalf.") and Espinosa, 2006 U.S. Dist. LEXIS
71085, at *11-14 (same) and In re Integrated Resources Real
Estate Ltd. P'ships Secs. Litig., 815 F. Supp. 620, 642
(S.D.N.Y. 1993) ("Additional plaintiffs may be added provided
there was both notice to the defendants of the existence of the
additional claim and a mistake in the original pleading as to

30

the proper party.") with In re Simon II Litig., No. 00 Civ.

5332, 2002 U.S. Dist. LEXIS 25632, at *153 (E.D.N.Y. Oct. 22,

2002) (noting that the "mistake" requirement "appears not to be

relevant when adding a plaintiff").


        SLMI has not established any of the requirements for

Rule 15(c) relief, let alone all three.  SLMI's claims do not

arise out of the same transaction or occurrence advanced in the

original pleading, which involved only a claim by Lee against

Marvel for breach of the Marvel/Lee Employment Agreement,

pursuant to which Lee claimed entitlement to a participation in

profits derived by Marvel relating to the utilization of Marvel

characters in television or movie productions.  Here, SLMI

asserts that the SLE/Lee Employment Agreement conveyed to SLMI's

predecessor in interest copyright interests supposedly owned by

Lee in characters he had created or co-created as a Marvel

employee.  However, no provision in the SLE/Lee Employment

Agreement purports to assign or transfer to SLE compensation

related to the Marvel/Lee Employment Agreement.  New factual

allegations cannot be introduced into the original complaint.

See, e.g., Espinosa, 2006 U.S. Dist. LEXIS 71085, at *11-12 (new

plaintiffs' claims did not relate back because they "focus on

31

events, dates, and people that were never mentioned in the
original complaint").

      Marvel and Lee were not on notice of SLMI's claims
based on the allegations in Lee's complaint, which asserted
claims relating to a dispute between Marvel and Lee regarding an
employment agreement.  See, e.g., Hygrade Milk & Cream Co., Inc.
v. Tropicana Prods., Inc., No. 88 Civ. 2861, 1993 U.S. Dist.
LEXIS 1222, at *2 (S.D.N.Y. Feb. 5, 1993) ("[P]laintiffs have
not established that defendants had notice of the involvement of
the new plaintiffs to merit the relation back of the claims of
the new plaintiffs to the original complaint.  This case is
almost five years old and at some point, defendants should have
notice of who their adversaries are.") (internal quotation and
citation omitted); Fair. Hous., 2010 U.S. Dist. LEXIS 68233, at
*21-23 (because Rule 15(c) relief is only allowed where
defendants "had fair notice of the new plaintiffs' claims . .
.," relation back is improper where claims do not arise out of
the conduct set forth in the original complaint).

      Lee's complaint in this action has been held to be
legally sufficient without the inclusion of SLMI as a party.
The addition of SLMI as a party plaintiff in the action would

32

have been a non sequitur since SLMI had no interest in the

dispute.  See, e.g., Martinez v. Robinson, No. 99 Civ. 11911,

2001 U.S. Dist. LEXIS 5932, at *9-11 (S.D.N.Y. 2001) (finding no

"mistake" when complaint was legally sufficient without addition

of party.); Espinosa, 2006 U.S. Dist. LEXIS 71085, at *14

(finding no mistake where "plaintiffs have not shown that

defendants should have known that this change would occur.").


        SLMI's purpose in seeking to intervene and substitute

as a plaintiff in this action is to gain the benefit of the

relation back doctrine and circumvent the statute of limitations

for its wholly separate claims.  That tactic is condemned by the

courts. See Ceribelli v. Elghanayan, No. 91 Civ. 3337, 1994 U.S.

Dist. LEXIS 13681, at *4 (S.D.N.Y. Sept. 28, 1994) ("There is

nothing in the purpose of the rule which would countenance a

situation in which claims, otherwise time-barred, could be

resuscitated simply by virtue of the existence of another timely

filed lawsuit with common questions of law or fact.  Such a

result would serve only to frustrate the 'salutary purpose [of

the statute of limitations] to set stale claims at rest'"),

quoting Rutkin v. Reinfeld, 229 F.2d 248, 252 (2d Cir. 1956),

cert. denied, 352 U.S. 844 (1956).


                              33

**The Proposed Amended Complaint Is Barred**

As noted above, in denying the Abadin's motion to file a second amended complaint in the Abadin Action, Judge Crotty held that "allowing leave to replead, would work a manifest injustice" in light of the fact that "the transaction [underlying Abadin's claims] is now more than a decade old" and suits have been brought by the plaintiffs for several years across several venues and jurisdictions. Abadin, 2010 WL 1257519, at *4. Judge Crotty also noted that "one of the princip[al] instigators of litigation involving SLMI is a convicted felon who manipulated SLMI's stock" and that "the proposed amended pleading [in Abadin] is the fourth such pleading dealing with SLMI's allegations against Marvel and Lee here in the Southern District." Id. Taking this history into consideration, Judge Crotty concluded that "it is now time to call a halt." Id.

Abadin was brought as a derivative case on SLMI's behalf, and most of the grounds upon which Judge Crotty granted Lee and Marvel's motions to dismiss - particularly, the fact that the various claims are all barred by the applicable statutes of limitations and by laches - would be equally

34

applicable to SLMI's proposed amended complaint here.   A
determination on the merits in a shareholder derivative action
will be res judicata in subsequent actions brought by the
corporation or other shareholders, including those who were not
parties to the prior litigation, so long as the parties'
interests were adequately represented in the prior action.  See,
e.g., Henik v. LaBranche, 433 F. Supp. 2d 372, 380 (S.D.N.Y.
2006) ("A judgment in the stockholders' derivative action is res
judicata both as to the corporation and as to all of its
stockholders, including stockholders who were not parties to the
original action in subsequent actions based upon the same
subject matter."), quoting Ratner v. Paramount Pictures, Inc., 6
F.R.D. 618, 619 (S.D.N.Y. 1942); see also Amalgamated Sugar Co.,
LLC v. NL Indus., Inc., 825 F.2d 634, 640 (2d Cir. 1987)
(shareholder suit is res judicata upon corporation where
interests are "adequately represented"); Ratner, 6 F.R.D. at 619
(same).  SLMI's interests were adequately represented in Abadin.


**The Motion To Unseal Documents Is Denied**


          The motion to unseal seeks to obtain access to certain
sealed documents filed in this action at the request of the
parties to preserve trade secrets more than five years ago.  The

35

contention is that these documents may be relevant to an

"investigation" being undertaken by SLMI of potential claims it

may have against Marvel and Lee.  However, twelve days after

filing the present motion SLMI filed its motion to vacate,

including a proposed amended complaint against Marvel and Lee.


Moreover, the documents to which SLMI seeks access

through the present motion were produced to SLMI through its

attorneys, King & Spalding LLP, on July 1, 2008 in response to a

discovery request made pursuant to Fed. R. Civ. P. 34 in Stan

Lee Media, Inc. v. Marvel Entertainment, Inc., No. 07 Civ. 2238

(PAC) ("SLMI v. Marvel I"), establishing the motion as moot.


After defendants in the Abadin Action had filed their

ultimately successful motions to dismiss the amended complaint,

plaintiffs (including Abadin) sought to prosecute discovery,

which included obtaining from Marvel documents produced in SLMI

v. Marvel I.  In an endorsed order dated August 10, 2009 Judge

Crotty held as follows:  "The request to resume prior discovery

and to initiate any new discovery is DENIED.  Once the motions

to dismiss are decided, there will be ample time for discovery."

Abadin v. Marvel Entertainment, No. 09 Civ. 715 (S.D.N.Y. Aug.

10, 2009) (Docket Entry 28).  As noted above, Judge Crotty

36

thereafter issued an order dated March 31, 2010 dismissing all of plaintiffs' claims in the Abadin Action.  In light of the foregoing procedural history, SLMI's present motion must be regarded as an improper attempt to circumvent Judge Crotty's August 10, 2010 decision and should on that ground be denied.


**Conclusion**


        Upon the conclusions set forth above, the motions of SLMI to vacate the Orders of this court, to intervene and realign the parties and to unseal documents are denied.


**New York, NY**
**February ⧸4, 2011**

                                          ⟨⟩ Sweet T
                              ROBERT W. SWEET
                                   U.S.D.J.

37